## The People on the relation of James B. Delbridge v. Job R. Green.

*County officers : County seat : Private citizen : Public interests : Parties.* Where a county officer has removed his office from the former county seat to a place where he claims the county seat has been removed by action of the supervisors and electors, *mandamus* to compel him to return to the former county seat will not be granted at the instance of a private individual, in the absence of any showing of a refusal by the proper public officer upon request to make the application, or that the relator has any special interest in the matter not common to citizens generally.

*Mandamus : Public interests : Attorney general: Remedy.* The proper public officer to apply for *mandamus* in such a case in the supreme court, if *mandamus* can be resorted to at all for such a purpose, is the attorney general.

*Heard and decided April 7.*

Application for *mandamus.*

The relator, a private citizen, whose only interest in the matter, so far as set forth, consists in convenience of his access to the offices to consult the records, etc., and to procure subpœnas, etc., applied for *mandamus* to compel the respondent, who has been elected county clerk and register of deeds for Benzie county, to keep his offices at Frankfort, the former county seat, instead of at Benzonia where he has removed them, and where he claims the county seat has been lawfully removed by action of the supervisors and the electors of the county.

The respondent answered, raising an issue of fact as to the proceedings to remove the county seat, and making the point that the relator, being a private citizen and having

---

* GRAVES, CH. J., was absent during most of this term on account of sickness in his family.

29 MICH.—16.

no interest in the matter not common to citizens generally, had no authority to take the proceedings. The issue of fact was tried by jury, and they returned a special finding of facts.

When the cause came on to be heard on this finding, the court directed an argument first upon the question of the authority of the relator to make the application.

*N. A. Parker, Ramsdell & Benedict* and *Bullis & Cutcheon,* for relator.

*Hughes, O'Brien & Smiley,* for respondent.

THE COURT held, that even if *mandamus* can be resorted to at all for such a purpose, the application should come from the proper public officer, which in this court is the attorney general; and that the relator had not made such a showing of special interest in the matter as authorized him to petition in his own behalf, or of efforts to procure the proper public officer to proceed, such as would authorize him to intervene in behalf of the public.

Writ denied.