John H. Platt, Assignee, etc., Appellant, *v.* Lauren C. Woodruff et al., Respondents.

The jurisdiction of a Circuit Court to try an action at law is not divested by a Special Term order restraining the plaintiff from the further prosecution thereof made in an equity action ; and a judgment entered upon a decision of the Circuit Court is not void, although prior to the trial such order was duly served upon plaintiff and his attorney.

(Argued September 17, 1874; decided January term, 1875.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, reversing a judg-

ment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

This was an equity action, brought for the purposes hereinafter stated.

Defendants, the Bank of Dansville, in January, 1867, commenced two actions in the Supreme Court, one against Warren Leland, plaintiff's assignor, to recover the amount due upon his acceptance of a draft made upon him by the defendant William W. Leland, on the 6th of June, 1866, for $814.73, payable to the order of the defendant Woodruff at three month's sight; the other against the said Warren Leland and the defendants William W. Leland and Edward S. Hardy, to recover the amount due on a draft made on the 18th of April, 1866, by the defendant William W. Leland upon the defendant Hardy for $11,800, payable to the order of Warren Leland six months after date, accepted by Hardy and indorsed by Warren Leland. The place of trial in each of these actions was Livingston county. Warren Leland, after appearing and answering the complaint in each of these actions, and in March of the same year commenced this action, designating Westchester county as the place of trial, setting out in his complaint substantially the same facts, the existence of which he alleged in his answers as a defence to the actions brought by the Bank of Dansville, praying, amongst other things, that the two drafts sued upon by the bank be delivered up and canceled; and that, during the pendency, and until the final determination of this action, the bank might be restrained from the further prosecution of the two actions thus commenced. In furtherance of the object of this action, said Warren Leland, on the 16th of April, 1867, obtained, from one of the justices of the Supreme Court in New York, an injunction order restraining the bank from the further prosecution of its actions during the pendency of this action, or until the further order of the Supreme Court. This order was afterwards, at a Special Term of the Supreme Court, held in the county of Westchester in June of the same year, vacated as having been "irregularly

and improperly granted." The issues in the two actions brought by the bank were then each regularly noticed for trial at the then next Livingston Circuit, to be held on the twenty-first of the following October. On that day (October twenty-first), a second order was obtained from another judge of the Supreme Court, again restraining the bank from further prosecuting the two suits during the pendency of this action, or until the further order of the court. This order was served on the defendants' attorney, in Buffalo, on the twenty-sixth, and on the cashier of the bank, at Dansville, on the thirtieth of October. On the second day of the following November, and during the Livingston October Circuit, the two actions brought by the bank were each regularly reached on the calendar; and the trial of each of them proceeded into a decision by the court in favor of the bank for the sum demanded in each action. At a Special Term of the Supreme Court held in the county of Westchester on the 26th of November, 1867, the injunction order of the twenty-first of October was, after hearing both parties, also vacated as having been "irregularly and improperly" granted. And, after the order was thus vacated, and on the nineteenth of the following December, upon filing the decision of the court at Circuit, judgment was entered in accordance therewith. These judgments were each held by the referee in this action to be void, and judgment was rendered herein as if they had not been recovered.

*Douglass Campbell* for the appellant. An action can be brought in the Supreme Court in one district to restrain the prosecution of an action in another district of the State. (*N. Y. and N. H. R. R. Co.* v. *Schuyler*, 8 Abb., 239 ; *Erie R. Co.* v. *Ramsey*, 45 N. Y., 637.) The judgments obtained by the Bank of Dansville against plaintiff are void, and no principle of *res adjudicata* can be drawn from their existence. (*Schell* v. *Erie R. Co.*, 51 Barb., 368.)

*A. G. Rice* for the respondents. The judgments obtained by the bank were not only final and conclusive as to the

matters actually determined, but as to every other matter which might have been decided in the cause. (*Le Guen* v. *Gouverneur*, 1 J. Cas., 436; *Southgate* v. *Montgomery*, 1 Paige, 41; *Yates* v. *Tassett*, 5 Den., 21; *Gelston* v. *Hugh*, 1 J. Ch., 543; *Canfield* v. *Munger*, 12 J. R., 347; *Embury* v. *Conner*, 3 N. Y., 511; 32 id., 281; *Wood* v. *Jackson*, 8 Wend., 9; *Gardner* v. *Buckbee*, 3 Cow., 120; *Doty* v. *Brown*, 4 N. Y., 71; *Castle* v. *Noyes*, 14 id., 329; *Davis* v. *Talcott*, 12 id., 184; *Foster* v. *Millner*, 5 Barb., 385; *Bellinger* v. *Craigue*, 31 id., 534.) The fact that plaintiff was under an injunction in the two actions when they were tried, does not affect the validity or conclusiveness of the judgments. (*Mellen* v. *Estell*, 8 Yerger, 452; *Burt* v. *Mapes*, 1 Hill, 649; *Kelley* v. *Cowing*, 4 id., 266; *Gragebrook* v. *McCredy*, 9 Wend., 437; *Hoyt* v. *Gelston*, 13 J. R., 139.)

GRAY, C. It does not appear from the record why these injunction orders were held to have been " irregularly and improperly granted." It may be that the judge holding the terms at which they were vacated was of the opinion subsequently expressed at a General Term (*Schell* v. *The E. R. Co.*, 51 Barb., 368), that such an order could not be granted by a judge in an action pending in one judicial district to restrain the proceedings involving the same subject-matter between the same parties pending in another judicial district. That it can is now settled. (*The E. R. R. Co.* v. *Ramsey*, 45 N. Y., 637.) While the common-law and equity courts were separate tribunals in this State, a court of law did not hold a party to a suit pending in it who should proceed in his suit in violation of an injunction of a court of chancery as even irregular in his practice, but left him to the sufficient power of that court to vindicate its own authority. (*Grazebrook* v. *McCreedie*, 9 Wend., 437, 442.) And now that law and equity are separately administered by the same tribunal, each judge having equal power, as well to grant as to vacate an injunction order, it does not follow that a judge holding a purely law court is divested of his jurisdiction to proceed in

an action pending in it, because of an order made by another judge of the same court, in the exercise of his equity powers, forbidding a party in a law suit from further prosecuting his action. A judge at Circuit would, doubtless, if the existence of such an order should be properly brought to his knowledge, heed it; and would not, unless under very extraordinary circumstances, permit a party to disregard it. It does not appear in this case that the judge holding the Circuit was informed of the existence of this order; or, being informed, he did not make it a condition of his hearing the cause that the bank should not proceed to judgment in it until the order should be vacated; but, whether he knew or did not know that such an order existed, he had jurisdiction of the subject-matter and of the parties, of which he was not ousted by an order directing the bank to refrain from the further prosecution of its actions. That order was not operative upon the court, but upon the bank, who, unless purged of its contempt, might have been compelled to relinquish all advantage of its proceedings subsequent to the service of the order. The judgments were not void.

This renders the examination of other questions involved unnecessary, as the order of reversal must, upon this ground, be affirmed.

All concur.

Order affirmed, and judgment absolute ordered against plaintiff.