Edgerton, C. J.
An act was passed by the last legislature to divide Ouster county and to create a new county to be called Fall River, “ provided that before this act shall take effect and be in force the matter of the establishment of the proposed county of Fall River shall first be submitted to a vote of the legal voters residing within the territory embraced within the proposed county * * An election was held as provided for in such act, and the county clerk of Ouster county, for the purposes of a board of canvassers, called to his assistance two members of the board of county commissioners of said county, and they as such board of canvassers proceeded to canvass the votes cast at such election upon the question of the establishment of the proposed county of Fall River, and declared the result. Thereafter Leonard R. Graves, a resident of Lawrence county, but a tax payer of Custer county, commenced this proceeding as relator to compel the said county clerk, and the county commissioners called to his assistance as a board of canvassers, to reconvene, and recanvass the said vote, claiming that certain votes had been illegally counted in the prior canvass. Whereupon an alternative writ of mandamus was issued. To this writ the defendants demurred and also moved to quash. The writ was held insufficient and defective, and leave given to relator •to amend. To the amended alternative writ the defendants again moved to quash and also demurred, upon the ground that neither the said writ nor the said petition therefor state facts sufficient to authorize the issuance thereof or the peremptory mandamus prayed for. Second, because it does not appear that the relator is a party beneficially interested. Third, because the pretended act of the Legislative Assembly, upon which the proceedings are based, is invalid and void. Which motion and demurrer were overruled and defendants elected to stand thereon, refusing to make other or farther answer. Judgment was had for a peremptory writ, from which defendants appeal, assigning three errors:
*305 “ First. — The relator is not a party ‘ beneficially interested,’ “ and cannot maintain this proceeding as relator.
“ Second. — -The defendants having met and acted as canvassers “ and adjourned the board was dissolved and its functions ended.
“ Third. — That the act under which it is attempted to create “ the county of Fall River is null and void.”
The relator was not and is not a resident of Ouster county, but resided in Lawrence county. It is contended that he was the owner of property within the limits of the proposed new county of Fall River, and as such “ interested.” Did this make the relator the proper party to apply for the writ — was he u beneficially interested?” We think not.
To use the language of Judge Woodward: “ In order to obtain “ a writ of mandamus the applicant must have a right to enforce “ which is specific, complete and legal, and for which there is no “ other specific legal remedy. When public rights are to be sub- “ served, public officers must apply for the writ; but if a private “ individual make himself relator, he must show some particular “ right or privilege of his own, independently of that which he “ holds with the public at large:” 28 Pa. St., 108; see also Babbett v. State, 10 Kan., 15; People v. Green, 29 Mich., 121; High Ex. Legal Rem., Sec. 436.
It is contended by the respondent that the relator being a citizen was the proper party. The relator was a citizen of Lawrence county but not of the proposed county of Fall River nor of the county of Custer.
The judgment of the District Court must be reversed, and the case
Remanded.
All the Justices concurring.