68  291
f153  675

MICHAEL STEFFES v. CHARLES G. MORAN AND RALPH
PHELPS, JR.

*Public wrongs—Manner of redress—Bill by tax payer to enjoin pay-
ment of claim allowed by board of supervisors.*

Public wrongs must, in this State, be redressed by the people's pub-
lic agents, and not by private intervention. The case of *Miller
v. Grandy,* 13 Mich. 540, laid down the Michigan doctrine on
this subject, with its reasons, and has been adhered to.

So *held,* where a tax payer filed a bill to restrain a county
treasurer from paying over to one of the auditors of Wayne
county certain moneys allowed him by the board of supervisors
for the expenses of various legal proceedings, complainant's
share of the tax necessary to pay said sum not amounting to
$100.

Appeal from Wayne. (Jennison, J.) Argued January 13,
1888. Decided January 19, 1888.

Bill by tax payer to restrain payment by county treasurer
of money allowed a claimant by the board of supervisors.
Complainant appeals from a decree dismissing his bill on
general demurrer. Affirmed. The facts are stated in the
opinion.

*James H. Pound,* for complainant.

*Weeks & Berry,* for defendant Moran.

CAMPBELL, J.   Complainant brought his bill, as a tax payer,
to restrain defendant Phelps, who is treasurer of Wayne
county, from paying over to defendant Moran certain moneys
allowed him by the board of supervisors for the expenses of
various legal proceedings. The bill claims that he never
performed the services, and also that the supervisors acted

without jurisdiction.   A general demurrer was filed, and the bill dismissed.

It is not necessary to consider how well or ill founded the claim may be as set out in the bill.   Complainant only seeks relief on the ground that, as a tax payer, he is entitled to complain of any diversion of public funds.   His tax is but a small fraction of the sum in question; amounting, at most, to a few cents.

Under such circumstances, it is the settled law of this State that he cannot assume the functions of a redresser of public grievances.   If his burdens would be increased to a sum large enough to come within the jurisdiction of equity, he would have some claim to redress on a sufficient case. But public wrongs must, in this State, be redressed by the people's public agents, and not by private intervention.   The case of *Miller v. Grandy*, 13 Mich. 540, laid down the Michigan doctrine on this subject, with its reasons, and has been adhered to.   It is not necessary to rediscuss it.

The bill was properly dismissed, and the decree must be affirmed.

The other Justices concurred.