## SWEET v. SMITH.

MANDAMUS—PROPRIETY—ENFORCEMENT OF LAW—OFFICIAL DUTY.
Mandamus on the relation of private relators is not available to compel the police officers of Detroit to prohibit Sunday baseball playing in the city, where it does not appear that the grievance of relators is any other than that sustained by other citizens of the city, or that the attorney general has refused to act, since, the grievance being purely a public one, redress should be sought by the people's public agents, and not by private intervention.

Certiorari to Wayne; Rohnert, Brooke, Mandell, Murphy, and Hosmer, JJ. Submitted July 7, 1908. (Calendar No. 22,947½.) Decided July 13, 1908.

Mandamus by John Sweet and others to compel Fred W. Smith, police commissioner, and John Downey, superintendent of police, to enforce certain laws. There was an order denying an order to show cause, and relators apply for a writ of certiorari. Application denied.

*James H. Pound*, for relators.

PER CURIAM. We are asked to review an order of the circuit court for the county of Wayne denying a mandamus, prayed for by relator and others, compelling the respondent "to execute and enforce all the laws pertaining to the preservation of the Sabbath, or the first day of the week, at the baseball park of the Detroit Club." The purpose of the proceeding was to prohibit Sunday baseball playing in the city of Detroit. It does not appear that the grievance of the petitioners is any other than that sustained by other citizens of the city of Detroit. Neither does it appear that the attorney general of the State has refused to take action in the matter. Under these circumstances, petitioners have no right to relief. The griev-

ance complained of is purely a public grievance, and redress should have been sought by the people's public agents, and not by private intervention. See *People, ex rel. Russell,* v. *Inspector and Agent of State Prison,* 4 Mich. 187; *Miller* v. *Grandy,* 13 Mich. 540; *People, ex rel. Delbridge,* v. *Green,* 29 Mich. 121; *People, ex rel. McBride,* v. *Board of Sup'rs of Kent Co.,* 38 Mich. 422; *Steffes* v. *Moran,* 68 Mich. 291; *Smith* v. *City of Saginaw,* 81 Mich. 123.

The decision of the circuit court was clearly correct, and we decline to review it in this court.