KLOKA *v.* STATE TREASURER.

1. COURTS—PROHIBITION—CONSTITUTIONAL LAW—ONE-MAN GRAND JURY.

Even if one-man grand jury act were unconstitutional, the circuit court for one county had no power to inform circuit court for another county either by way of declaratory judgment, injunction or otherwise of such unconstitutionality, the only way the latter court could be restrained from future action being by writ of prohibition issued by the Supreme Court (Const. 1908, art. 7, § 4; 3 Comp. Laws 1929, § 17217 *et seq.*).

2. SAME—ONE-MAN GRAND JURY.

A circuit judge conducting a one-man grand jury proceeding acts in a judicial capacity (3 Comp. Laws 1929, § 17217 *et seq.*).

3. SAME—JUDGES—INJUNCTION.

A judge of one circuit court may not enjoin a judge of a circuit court in a different county.

4. SAME—SUPREME COURT—CIRCUIT COURTS.

The Supreme Court alone has supervisory power over circuit courts (Const. 1908, art. 7, § 4).

5. PROHIBITION—SUPREME COURT.

The Supreme Court alone can issue writs of prohibition (Const. 1908, art. 7, § 4).

6. INJUNCTION—SUITORS IN ANOTHER COURT—JUDGES.

While equity may in proper cases enjoin suitors in another court from proceeding with their cause, the injunction can not operate upon or run against the judge of such court.

7. SAME—VENUE—ONE-MAN GRAND JURY PROCEEDING.

The venue of an action to declare the one-man grand jury act unconstitutional, to enjoin payment of moneys thereunder, to restrain further action in such proceeding and invalidate all

previous actions taken is in the county where the proceeding has been conducted (3 Comp. Laws 1929, § 13997; § 17217 et seq.).

8. MANDAMUS—STATE OFFICERS—CIRCUIT COURT.

No circuit court has jurisdiction to issue a writ of mandamus against a State officer (3 Comp. Laws 1929, § 15186). .

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES—TAX- PAYERS' SUITS—CONSTITUTIONAL LAW.

Where case is disposed of on the merits, the question of whether or not a single taxpayer who does not disclose the nature or amount of his interest can bring an action to declare a statute unconstitutional and enjoin payment of public funds thereunder without joining four other taxpayers and giving a bond of $300 as provided by statute, is not decided (Act No. 314, chap. 12, § 2a, Pub. Acts 1915, as added by Act No. 4, Pub. Acts 1941).

Appeal from Wayne; Webster (Arthur), J. Submitted April 9, 1947. (Docket No. 34, Calendar No. 43,481.) Decided May 16, 1947.

Bill by Frank T. Kloka against D. Hale Brake, Treasurer of the State of Michigan, and others to declare so-called one-man grand jury act unconstitutional and to restrain payment of bills of grand jury. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*O'Brien & Nertney* (*Elmer H. Groefsema* and *Wm. Henry Gallagher,* of counsel), for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Ben H. Cole,* Assistant Attorney General, for defendant State Treasurer and Auditor General.

*A. J. Groesbeck, A. W. Sempliner* and *Henry A. Montgomery,* for defendant Carr.

*Richard B. Foster* and *Charles F. Cummins*, for defendant Coash.

Detroit Chapter National Lawyers Guild by *Henry S. Sweeney* and *N. L. Smokler*, *amicus curiae.*

BUTZEL, J. Alleging that he is a resident of the county of Wayne and a taxpayer of the State of Michigan, Frank T. Kloka, acting solely for himself, filed a bill in the Wayne circuit court against the State treasurer, the State auditor general, a former circuit judge of the circuit court of Ingham county, and one of the present judges of that court, as defendants; he attacks the constitutionality of the "one-man grand jury act," 3 Comp. Laws 1929, § 17217 *et seq.* (Stat. Ann. § 28.943, *et seq.*), certain past actions and orders of the Ingham circuit court judges and the regularity of expenditures made by them for grand-jury purposes from moneys received from State officers in accordance with specific appropriations made by the State legislature for such purposes. He seeks an injunction to restrain further action by the one-man grand jury and to invalidate all of the previous actions and orders of the Ingham county one-man grand jury.

The judge of the Wayne circuit court in chancery granted a motion to dismiss the bill of complaint. He held that the constitutionality of the one-man grand jury act was upheld with finality in *Re Slattery,* 310 Mich. 458. (In that case we denied a rehearing and certiorari was denied by the United States Supreme Court in 325 U. S. 876 [65 Sup. Ct. 1553, 89 L. Ed. 1993].) The judge further held that even if he were to assume that the one-man grand jury act was unconstitutional, the circuit

court for the county of Wayne had no power to inform the Ingham county circuit court either by way of declaratory judgment, injunction or otherwise of the unconstitutionality of the act; and that the only way in which the Ingham county circuit court could be restrained from future action would be by writ of prohibition from the Supreme Court. The trial judge was correct.

Appellant's case seems to have been built upon the premise that the grand juror was acting as an individual and not in a judicial capacity. We recognize that the present proceeding is brought by a party different than the petitioner in *Re Slattery, supra,* though the counsel for petitioner in that case appears as one of the attorneys in the instant case. What we said in *Re Slattery, supra,* is decisive of the present case. We discussed the many previous Michigan cases, considered in *Matter of Richardson,* 247 N. Y. 401 (160 N. E. 655), *Cobbledick* v. *United States,* 309 U. S. 323 (60 Sup. Ct. 540, 84 L. Ed. 783) and deliberately and carefully came to our conclusion. We stated therein:

"So that there may be no further question, we hold that the judge conducting a one-man grand jury proceeding is acting in a judicial capacity."

We upheld the constitutionality of the act. Nothing that has been said in the instant case by counsel for appellant has altered our opinion.

To avoid any further question, however, we hold that a judge of one circuit court may not enjoin a judge of a circuit court in a different county. Appellant virtually asks for a writ of prohibition from one circuit court directed to a circuit court of another county. The Supreme Court alone has supervisory power over circuit courts. Article 7, § 4, of the Constitution of Michigan (1908). It alone can

issue writs of prohibition. If there were any merit in the claim that a circuit judge had committed a public wrong in the conduct of the grand jury, the parties immediately affected might have appealed, but otherwise such a public wrong could not be redressed by private intervention in the courts of another county. *Miller* v. *Grandy,* 13 Mich. 540; *Steffes* v. *Moran,* 68 Mich. 291. The cases fully support High on Injunctions (4th Ed.), § 46 in the statement that ''a court of equity is devoid of jurisdiction to grant an injunction against the judge of another court to restrain him from acting in or making orders in a particular cause. Every judge is supreme and independent in his own sphere, and can not be restrained in the discharge of his functions by the process of injunction. While, therefore, equity may in proper cases enjoin suitors in another court from proceeding with their cause, the injunction can not operate upon or run against the judge of such court.'' *Sanders* v. *Metcalf,* 1 Tenn. Chan. 419; *Platt* v. *Woodruff,* 61 N. Y. 378.

In view of our holding that the one-man grand jury act is constitutional, it follows that the State treasurer and auditor general legally paid out moneys for a purpose for which it was appropriated by the State legislature. The judge of the Wayne circuit court correctly held that he had no right to review the actions of the Ingham county court. The venue of such an action, if it had any merit, would be where the fact happened. 3 Comp. Laws 1929, § 13997 (Stat. Ann. § 27.641). No circuit court has jurisdiction to issue a writ of mandamus against a State officer. 3 Comp. Laws 1929, § 15186 (Stat. Ann. § 27.2230). *Reed* v. *Civil Service Commission,* 301 Mich. 137.

In coming to our conclusion it becomes unnecessary to discuss whether a single taxpayer who does

not disclose the nature or the amount of his interest can bring this action without joining four other taxpayers and giving a bond of $300 as provided by Act No. 314, chap. 12, § 2a, Pub. Acts 1915, as added by Act No. 4, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 14010–1, Stat. Ann. 1946 Cum. Supp. § 27.654 [1]). We prefer to rest our decision on the broader grounds hereinbefore set forth.

The order of dismissal is affirmed, with costs to appellants.

BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. CARR, C. J., and DETHMERS, J., did not sit.