ST. CLAIR SHORES NATIONAL BANK *v.* STATE
BANKING COMMISSIONER.

1. BANKS AND BANKING—BRANCH BANKS—STATUTES.
   Limitations in State law as to branch banking apply, under the
   Federal law, to national banks.

2. SAME—BRANCH BANKS—NEW BRANCHES.
   A branch bank may not be established in a city or village other
   than that in which the bank was originally established, where
   there is a State or national bank or branch thereof already in
   operation in the city or village in which it is proposed to
   establish the new branch (CL 1948, § 487.34).

3. COURTS—JUDGES—INJUNCTION.
   A judge of one circuit court may not enjoin a judge of a circuit
   court in a different county.

4. SAME—SUPREME COURT—CIRCUIT COURTS.
   The Supreme Court alone has supervisory power over circuit
   courts (Const 1908, art 7, § 4).

5. PROHIBITION—SUPREME COURT.
   The Supreme Court alone can issue writs of prohibition (Const
   1908, art 7, § 4).

6. INJUNCTION—SUITORS IN ANOTHER COURT—JUDGES.
   Every judge is supreme and independent in his own sphere, and
   can not be restrained in the discharge of his functions by the
   process of injunction and while equity may in proper cases
   enjoin suitors in another court from proceeding with their
   cause, the injunction can not operate upon or run against the
   judge of such court.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur, Banks § 24.
[3, 6] 14 Am Jur, Courts § 255.
[4] 14 Am Jur, Courts § 268.
   Superintending control over inferior tribunals.  112 ALR 1351.
[5] 14 Am Jur, Courts § 273; 42 Am Jur, Prohibition § 35.

7. Courts — Macomb Circuit — Ingham Circuit — Approval of Branch Bank by State Banking Commissioner.

Unappealed decree, rendered in Macomb circuit court, which required the State banking commissioner to issue his written approval *nunc pro tunc* as of date over 4 years theretofore for establishment of second branch of defendant bank constituted a bar to plaintiff's subsequent suit in Ingham circuit court to enjoin the commissioner from issuing a formal letter of approval of such second branch, notwithstanding defendant's motion to intervene in the Macomb action was denied without prejudice to right of plaintiff herein to any other action (CL 1948, § 487.34).

Appeal from Ingham; Coash (Louis E.), J. Submitted October 13, 1959. (Docket No. 61, Calendar No. 48,132.) Decided November 24, 1959. Rehearing denied January 4, 1960.

Bill by St. Clair Shores National Bank, a national banking association, against Alonzo L. Wilson, State banking commissioner, and First State Bank of East Detroit, a Michigan banking corporation, to enjoin approval and operation of a branch bank. Bill dismissed. Plaintiff appeals. Affirmed.

*McClintock, Fulton, Donovan & Waterman,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendant banking commissioner.

*Kenneth J. McCallum* and *Miller, Canfield, Paddock & Stone* (*George D. Miller,* of counsel), for defendant bank.

Kelly, J. March 20, 1954, plaintiff made application to the United States comptroller of currency for permission to organize and operate a national bank in St. Clair Shores. March 29, 1955, the comptroller

issued the formal authorization, and plaintiff immediately opened its doors for business. Three years later (August, 1958) the comptroller authorized plaintiff's opening of a branch bank in St. Clair Shores.

In October, 1953, defendant First State Bank of East Detroit sought right to add to its banking activities in St. Clair Shores by operating a second branch bank. The Michigan banking commissioner refused to grant permission because defendant had failed to secure Federal Deposit Insurance Corporation approval.

December 5, 1955, defendant bank instituted suit in Macomb county circuit court against the Michigan banking commissioner, seeking to compel him to issue his letter of approval of the second branch bank.

Hon. James E. Spier, Macomb county circuit judge, entered a decree on November 12, 1958, requiring that the banking commissioner issue his written approval *nunc pro tunc* as of June 18, 1954. No appeal was taken from that decree. Plaintiff herein was not a party to that suit, its participation being merely as *amicus curiae*. An application for leave to intervene had been filed by plaintiff, but was denied.

December 1, 1958, the present action, founded upon alleged violations of section 34 of the Michigan financial institutions act (CL 1948, § 487.34 [Stat Ann 1957 Rev § 23.762]) was instituted in the circuit court of Ingham county. It sought to enjoin the State banking commissioner from issuing a formal letter of approval to defendant bank and to enjoin defendant bank from establishing and operating a second branch bank in St. Clair Shores.

The attorney general, in behalf of the commissioner, filed a motion to dismiss, alleging that plaintiff's cause of action had been adjudicated; that the present action was a collateral attack on said decree of the Macomb circuit court; that the action sought

to enjoin or restrain that which had already been judicially determined and completed; that the action sought to enjoin the judge of another circuit; "that this court is without jurisdiction to enjoin a State officer where the injunction is in the nature of a writ of mandamus which can be issued only out of the Supreme Court;" and "that this court is without jurisdiction to enjoin another circuit judge, the proper proceedings being by writ of prohibition issued out of the Supreme Court."

At the conclusion of oral arguments, Ingham county circuit judge, Louis E. Coash, rendered an opinion dismissing the bill of complaint because the prior suit in Macomb county and the decree rendered therein constituted a bar to the Ingham county action.

The main question in this appeal is: "Does the prior suit in Macomb county and the decree rendered therein in any way constitute a bar to this action?"

Section 34 of the financial institutions act provides, in part, as follows:

"Any bank having a capital of at least $50,000 may, with the written approval of the commission, establish and operate a branch or branches within a village or city other than that in which it was originally chartered: * * * Provided further, That no such branch shall be established in a city or village in which a State or national bank or branch thereof is then in operation."

Appellant admits that "there are no Michigan cases specifically holding that property rights are created and protected by section 34 of the act," but calls attention to *National Bank of Detroit* v. *Wayne Oakland Bank* (CCA 6, 1958), 252 F2d 537, certiorari denied, 358 US 830 (79 S Ct 50, 3 L ed 2d 69). In this case a bank existing under the Michigan financial institutions act sought a declaratory judgment

holding that it would be unlawful for a national banking association to open a branch bank in a city in Michigan after the State bank had established its branch there. Under Federal law, limitations in State law as to branch banking apply also to national banks. The court of appeals held that the national bânk could not be established, because of section 34 of the act, and said (p 544):

"As to the standing of The Wayne Oakland Bank to maintain its suit, it was faced with invasion of property rights, and injury from a competition which was prohibited by the Federal statutes subjecting national banks to the same rules of law as cover State banks."

Endeavoring to justify its commencement of action in the Ingham circuit court, appellant cites section 21 of the act (CL 1948, § 487.21 [Stat Ann 1957 Rev § 23.739]), which provides, in part:

"Proceedings brought by or against the commissioner under this act may be brought in the circuit court for the county of Ingham, or in the circuit court of the county in which the institution is located."

Referring to the Macomb county suit, appellant herein, while admitting that it was "closely associated with the attorney for the defendant in the trial of said cause" and admitting that it had "filed a brief *amicus curiae*," points out that it "was denied the right by the court to present oral argument, present evidence and examine witnesses," and then quotes from *Walz* v. *Reliance Insurance Co.*, 221 Mich 345, 347, that to be bound by such proceedings it "must have been directly interested in the subject matter of the proceedings—with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control, in some degree, the proceedings, and to appeal from the judgment."

Appellant's brief contains the following as to its position or contention:

"Plaintiff herein seeks to enjoin the banking commissioner from issuing his written approval of the application of defendant bank and also to enjoin the defendant bank from establishing and operating a second branch in the city of St. Clair Shores and neither of these acts have been accomplished. The difficulty arises in the instant case because of the possibility that the Ingham county circuit court might issue an injunction restraining the banking commissioner from issuing his approval of the application of the defendant bank, while the Macomb county circuit court has already issued its order that the commissioner so issue his approval. The situation is unusual but should not constitute a bar to this action."

Appellee, referring to section 34 of the Michigan financial institutions act, states that "neither plaintiff National Bank nor any other competitor bank or branch thereof was in operation in the city of St. Clair Shores as of June 18, 1954. The entry of the *nunc pro tunc* order by the Macomb county chancery court is an entry made in the present of something which should have been previously done, to have effect as of the former date. *Freeman* v. *Wayne Probate Judge,* 230 Mich 455, 460."

The order denying plaintiff's motion to intervene expressly provided that the denial was without prejudice to appellant's right to any other action.

Appellant could have appealed, or it could have instituted its own suit, requesting that the 2 cases be consolidated for trial. Appellant did not choose to employ either of these methods. There is merit to appellee bank's statement that appellant "decided to permit the banking commissioner to fight its battle for it. As the result of the appellant guessing wrong as to this course of action, the present suit is in-

stituted in order that the identical question may again be litigated. The present case is obviously an attempt to move the battleground from Macomb county to Ingham county."

If the Ingham county circuit court had granted appellant the relief sought, the banking commissioner would have been faced with an order of the Ingham circuit court diametrically opposed to an order of the Macomb circuit court. Such action by the Ingham circuit court would be contrary to our ruling in *Kloka* v. *State Treasurer*, 318 Mich 87, wherein we held (pp 90, 91):

"To avoid any further question, however, we hold that a judge of one circuit court may not enjoin a judge of a circuit court in a different county. Appellant virtually asks for a writ of prohibition from one circuit court directed to a circuit court of another county. The Supreme Court alone has supervisory power over circuit courts. Article 7, § 4, of the Constitution of Michigan (1908). It alone can issue writs of prohibition. If there were any merit in the claim that a circuit judge had committed a public wrong in the conduct of the grand jury, the parties immediately affected might have appealed, but otherwise such a public wrong could not be redressed by private intervention in the courts of another county. *Miller* v. *Grandy*, 13 Mich 540; *Steffes* v. *Moran*, 68 Mich 291. The cases fully support 1 High on Injunctions (4th ed), § 46, in the statement that 'a court of equity is devoid of jurisdiction to grant an injunction against the judge of another court to restrain him from acting in or making orders in a particular cause. Every judge is supreme and independent in his own sphere, and can not be restrained in the discharge of his functions by the process of injunction. While, therefore, equity may in proper cases enjoin suitors in another court from proceeding with their cause, the injunction can not operate upon or run against the judge of such court.' *Sanders* v.

*Metcalf,* 1 Tenn Chan 419; *Platt* v. *Woodruff,* 61 NY 378."

The Ingham circuit court did not err in holding that the prior suit in Macomb county and the decree rendered therein constituted a bar to the Ingham county action.

Affirmed.   Costs to appellees.

Dethmers, C. J., and Carr, Smith, Black, Edwards, and Voelker, JJ., concurred.

Kavanagh, J., did not sit.