2   271<br>26   143

JAMES D. CHAMPION, Respondent, v. E. C. SESSIONS
ET AL., Appellants.

To enable this Court to reverse an order of the District Court, the error complained of must affirmatively appear. All presumptions are in favor of the regularity of the proceedings in the Court below.

When a bill is filed restraining County Commissioners from opening a road on the ground that they have not assessed the damages and provided for the payment

thereof, it is error to grant a *perpetual* injunction. The Commissioners should only be restrained until they have complied with the preliminary requirements of the Statute.

APPEAL from the Fourth Judicial District, Washoe County, Hon. C. C. GOODWIN presiding.

This was a bill filed against the County Commissioners of Washoe County, to restrain them from opening a public highway through the lands of the plaintiff. The grounds relied upon to support the injunction were, that no damages had been assessed for the use of the land dedicated to the public, and no provision made for the payment of any damages that might arise. The District Court refused to grant the injunction, and dismissed the bill. The plaintiff appealed, and this Court reversed that order and sent it back for further proceedings. The District Court then made an order granting a *perpetual* injunction. From this the Commissioners appealed.

*R. M. Clarke*, for Appellants, made the following points:

1st. The Court erred in granting an injunction upon a default, without proof, and without notice to the defendants. (Statutes 1861, pp. 338, 339, sec. 150; Statutes 1864, p. 76, secs. 7, 8.)

2d. The Court exceeded its jurisdiction in enjoining the defendants from further proceeding with the opening of the road to the public. The defendants, as County Commissioners, had the undoubted right to open the proposed road to the public, after making or securing compensation to the plaintiff. Under the judgment they are denied this right.

*Wallace & Flack*, for Respondents.

There is no statement on appeal. The facts do not appear as suggested in appellants' first point.

The injunction is in accordance with the case made in the complaint, and is not erroneous.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

It is claimed by appellants that the Court below erred in issuing the restraining order against the defendants without notice to them

of the intention to do so.    But there is nothing in the record show-
ing that such was the fact.    It appears that after the filing of the
remittitur of this Court in the Court below the restraining order was
issued ; but whether notice had been given to the defendants or not
does not appear.    In this respect the record shows no error.    As
all presumptions are in favor of the regularity of the proceedings of
Courts of record, error to be available on appeal must be affirma-
tively shown.

We cannot presume that no notice was given to the defendants
that would be in direct conflict with the rule of law above referred
to.    If the appellants wished to take advantage of that point upon
appeal, they should have prepared a statement showing that no no-
tice was given.    Here there is no statement, and the appeal is sim-
ply from the judgment.    The second point made by appellants is
equally unavailable upon this record.    Without saying whether it
was necessary for the plaintiff below to introduce proof of the facts
set out in his bill before a decree could properly be entered in his
favor, we may say that the record does not show whether evidence
was introduced or not : hence this point is open to the same objection
as the first.

There is, however, an error in the judgment which will necessi-
tate a modification of it.    The injunction granted by the Court is
final and perpetual, so that under no circumstances could the de-
fendants hereafter proceed with the opening of the road in question,
even if compensation should be tendered to the plaintiff for the land
taken for that purpose.    Such an injunction is not warranted by the
pleadings or the law ; for the defendants have an undoubted right
to open the road by virtue of the provisions of an Act entitled " An
Act in relation to Public Highways," approved March 9, A.D. 1866.
(Laws of 1866, p. 252.)    But this decree perpetually enjoins the
defendants from opening the road through the premises of the plaintiff,
whilst the only relief which the plaintiff's bill entitles him to is an
injunction against the defendants until they have complied with cer-
tain requirements of the law above referred to.    The decree must
therefore be so modified as only to enjoin the defendants from open-
ing the road in question until the probable damage which he will
suffer thereby shall be ascertained, and provision made for the pay-
ment thereof, as required by section 5, of the Act of March 9th,

1866. When the requirements of that Act are complied with, the road can be opened. But as the record brought before us shows no error but this in the judgment, we cannot reverse but only modify it as above stated.

The Court below will therefore modify the decree as we have suggested. The appellants are entitled to their costs.