No. 2,554.

| 40 | 421 |
| 119 | 589 |

M. A. RAHM, RESPONDENT, *v.* WM. MINIS, Sheriff of Yolo County, and I. W. JACOBS, APPELLANTS.

DISCHARGE IN INSOLVENCY.—A judgment rendered against a defendant subsequent to his discharge in insolvency, in an action commenced before the proceedings in insolvency were instituted, is not void on the ground that the judgment was in violation of the restraining order made at the commencement of the proceedings in insolvency, or that the defendant was discharged from all his debts and liabilities, including the debt of the plaintiff prior to the rendition of the judgment.

IDEM.—PLEADING.—The defendant is entitled to plead his discharge in insolvency in bar of such action, by supplemental answer.

IDEM.—Where a discharge in insolvency is pleaded in bar of an action commenced before the proceedings in insolvency were instituted, a judgment in favor of plaintiff is conclusive that he was entitled to his judgment, notwithstanding the alleged discharge in insolvency.

IDEM.—Where such plea is omitted, the judgment is as conclusive upon the defendant as it would be had his defence been accord and satisfaction, payment, etc., which he had neglected to plead.

IDEM.—PRACTICE.—A defendant, against whom a judgment has been rendered subsequent to his discharge in insolvency who has a complete remedy at law, is not entitled to relief in equity by injunction to restrain the enforcement of the judgment.

APPEAL from the District Court of the Sixth District, Yolo County.

This action was brought to obtain an order enjoining and restraining Wm. Minis, the Sheriff of Yolo County, in whose hands the execution was placed for service, and I. W. Jacobs from further proceeding upon an execution issued under a judgment rendered in favor of the plaintiff in the action of *Jacobs* v. *Caleb Davis, John Davis* and *M. A. Rahm.*

Defendant demurred to the complaint on the grounds: 1st. Because it does not state facts sufficient to constitute a cause of action; and 2d, Because the facts stated show that plaintiff is not entitled to relief in chancery. The Court overruled the demurrer and rendered judgment, ordering and decreeing that the defendants, and each of them, be forever enjoined and restrained from further proceedings to collect the judgment from plaintiff, M. A. Rahm.

The other facts are stated in the opinion.

*C. P. Sprague* and *A. P. Catlin*, for Appellants.

*First*—The bill does not state facts sufficient to constitute a cause of action, because:

1st. It is not alleged that the judgment was procured by fraud, or through any other cause for which equity will interfere.

2d. There is no iregularity in the entry of the judgment. The only thing alleged against, to wit: that it was entered in contempt of Court, is not proved.

3d. If the judgment is void, as alleged, then the seizure under the execution would be a trespass. No fact tending to show irreparable injury is alleged. The plaintiff had an adequate remedy at law. (*Demitt* v. *Hays*, 2 Cal. 463; *Supton* v. *Supton*, 3 Id. 121; *Logan* v. *Hillegass*, 16 Id. 200; *Tevis* v. *Ellis*, 25 Id. 516; *Leach* v. *Day*, 27 Id. 645; *N. C.*

*& S. C. Co.* v. *Kidd,* 37 Id. 307; *Hagar* v. *Shindler,* 29 Id. 47.)

*Second*—Defendant's remedy is by appeal or motion in the Court below. *(Imlay* v. *Carpentier,* 14 Cal. 174; *Green* v. *Thomas,* 17 Id.-86; *Phelps* v. *Peabody,* 7 Id. 50; *Pico* v. *Sunol,* 6 Id. 294.)

*Third*—The judgment, though upon an antecedent debt, being recovered *after* the discharge in insolvency, every presumption sustains it. Everything which in law might have supported the recovery will be presumed. *(Hahn* v. *Kelly,* 34 Cal. 391.) A new promise might have been presumed. *(Smith* v. *Richmond,* 19 Cal. 476; *Feeney* v. *Daly,* 8 Id. 84.) Fraud on the part of the insolvent in concealing property might have been proved. *(Ellsassar* v. *Hunter,* 26 Cal. 279; Insolvent Act, Sec. 32; Hittell, Art. 3, 841.)

*Fourth*—The decree of discharge, when relied upon as a defense, must be pleaded; and in this case it might have been pleaded by plea *puis darrien continuance.* If it was not pleaded, the privilege was waived. If it was pleaded and proved, the remedy was by appeal.

*Fifth*—Equity will not interfere where the party by negligence has failed to avail himself of his legal remedy, even though it be charged that such negligence was superinduced by the fraud of the adverse party. *(Phelps* v. *Peabody,* 7 Cal. 50.

*Sixth*—The decree does not operate upon judgments founded upon antecedent debts, except in cases where the judgments are rendered intermediate, the filing of the petition and the decree. *(Imlay* v. *Carpentier,* 14 Cal. 174.)

*Seventh*—The only ground alleged by the complaint for the interference of a Court of equity is that the plaintiff in the judgment, committed a contempt of Court in prosecuting his cause against the judgment debtor. And even this charge was not sustained; because the judgment was not rendered until nearly four months after the stay of proceedings had ceased to be operative.

The original debt which is not destroyed by the decree of discharge, is the cause of action, not the new promise. It

is not necessary to plead the new promise. In fact it would be bad pleading to do so. In case the insolvent answers by pleading his privilege, the plaintiff in order to establish a *waiver*, may plead the new promise by way of replication where the code requires a replication; or prove it on the trial, where the replication is not required.

For these reasons, the fact that the suit in which the judgment was recovered was commenced before the petition in insolvency was filed, can make no difference. (*Smith* v. *Richmond*, 19 Cal. 476.)

The naked decree in insolvency is only a part of the record of the County Court. The Court erred in refusing to put in evidence the whole record. (*Barrett* v. *Carney*, 33 Cal. 530.)

*Coffroth* and *Spaulding*, for Respondent.

*First*—The judgment obtained by Jacobs was valid on its face, but void for want of jurisdiction. (See Insolvent Act, § 14.)

The order staying proceedings in effect, transferred Jacobs action to the Insolvent Court, where he might resist the application of respondent for a discharge from his indebtedness. (Insolvent Act, § 14.)

All suits instituted anterior to the application become merged in the insolvency proceedings. A discharge in the Insolvent Court operates as a discharge from all debt, except those secured by lien. (Insolvent Act, § 24.)

No judgment can be recovered against a party after his discharge in the Insolvent Court without notice, so that he may appear and plead his discharge as a privilege. No notice being given, he has a right to remain silent.

When respondent was discharged from his debts, the Jacobs debt was included, and as he had no opportunity to plead the discharge, and as Jacobs disregarded the order staying all proceedings, Rahm certainly was entitled to resort to equity to stay the judgment thus obtained.

The debt for which the action was brought was discharged by the discharge in insolvency. (*Dresser* v. *Brooks*, 3 Barb. 420).

Even after insolvent's discharge, the avenue is open to a creditor to attack the proceedings, but it must be done by a direct proceeding, and not collaterally. (Insolvent Act, § 32.)

*Second*—The jurisdiction of a Court to grant an injunction in a case like the one at bar, is fully recognized, and in fact conferred upon them, by our statutes. (Practice Act, Sec. 112.)

The jurisdiction once undoubtedly existed. It having once existed, it continues in existence, unless taken away by statute. (Story's Eq. Secs. 64 I, 885, 886 and 887).

As to the power of a Court to enjoin proceedings at law, we refer as follows: *Foster* v. *Wood*, (6 Johns. Ch. 80;) Story's Eq. Secs. 74–5, 877, 879, 880, 885–6–7; 3 leading cases in Eq. Secs. 155–6.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., CROCKETT, J., and WALLACE, J., concurring:

The judgment which is the subject of controversy in this case was recovered by Jacobs, one of the defendants, about four months after the discharge of Rahm in insolvency, but the action was commenced before the proceedings in insolvency were instituted. The grounds of the attack are, that the judgment was procured in violation of the restraining order which was made at the commencement of the proceedings in insolvency, and without the knowledge or consent of Rahm; and that Rahm was discharged from all his debts and liabilities, including the debt to Jacobs before recovery of the judgment. The judgment was not, for either of those reasons, void, for the Court had jurisdiction both of the cause of action and of the parties—it not being alleged that Rahm was not duly served with process.

Rahm was entitled to plead his discharge in insolvency in bar of the action, by supplemental answer. If that fact was pleaded, the judgment of the Court is conclusive that the plaintiff was entitled to his judgment, notwithstanding the alleged discharge in insolvency. If he omitted to plead the discharge in insolvency, the judgment is equally con-

clusive upon him as it would be had his defense been accord and satisfaction, payment, etc., which he had neglected to plead. In such case he might have moved for relief from the judgment, under the sixty-eighth section of the Practice Act, if he could show that the judgment was taken against him through his mistake, inadvertence, surprise or excusable neglect, and he might then have set up his defense to the action. Having a complete remedy at law, he was not entitled to relief in equity, by means of an injunction restraining the enforcement of the judgment.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.