## MOSEL v. SAN ANTONIO & A. P. RY. CO.
### (No. 6902.)

(Court of Civil Appeals of Texas. San Antonio. March 14, 1923. Rehearing Denied April 11, 1923.)

1. **Injunction** 223(1)—**Order changing location of depot held not in contempt of previous judgment preventing change.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6694, giving the Railroad Commission power to require compliance with article 6693, requiring railroad companies to maintain depots at their stations, where a judgment of a district court, permanently enjoining a railroad company from changing the location of a depot, was affirmed on appeal with a provision that the judgment should not prevent the removal if the public benefit should require, and the Railroad Commission should order it, an order of the Commission for the removal of the depot made four years later, reciting a different state of facts than those existing at the time of the judgment, was within the authority of the Commission, and not in contempt of the judgment.

2. **Railroads** 58—**Commission can compel companies to build depots for public convenience.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6693, giving the Railroad Commission power to require compliance with article 6694, requiring railroad companies to provide and maintain depots at stations, the Commission can compel railway companies to build depots where it is deemed best for public convenience and comfort.

3. **Railroads** 60—**Recitations of order of Railroad Commission for removal of depot presumed true.**

In a suit against a railroad company, to enjoin the use of a new depot, and to require the establishment of a depot at a site formerly used, recitations in an order of the Railroad Commission for the removal to the new site, showing changed conditions since a judgment enjoining suit removal four years before, must be presumed to be true, the suit being a collateral attack on an order of the Commission within the powers granted by Vernon's Sayles' Ann. Civ. St. 1914, arts. 6693 and 6694, relat-

ing to requiring railroad companies to maintain depots at stations.

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Suit by Herman Mosel against the San Antonio & Aransas Pass Railway Company. From a judgment dismissing the cause of action, plaintiff appeals. Affirmed.

W. C. Linden, of San Antonio, for appellant.

Boyle, Ezell & Grover, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee, for damages in the sum of $8,450, and in the amendatory writ of injunction commanding appellee to re-establish its passenger depot in Kerrville at the "old site" and to abandon the use of the new passenger depot established by it. The court sustained a general demurrer and eighteen special exceptions to the second amended original petition, and, appellant declining to amend, the court dismissed the cause of action. From that judgment this appeal is prosecuted. This appeal is based on the same controversy which is involved in three appeals heretofore decided by this court between the same parties, involving the matter of the removal of the old passenger depot to a location now occupied by the new depot. Mosel v. Railway, 177 S. W. 1048, 180 S. W. 1138, and 195 S. W. 621.

It appears from the allegations of appellant's pleadings, as well as from the statements in the former case, as reported in the last-named volume of the Southwestern Reporter, that the district court had enjoined the removal of the depot from the old to the new location on July 24, 1916, and said judgment had been affirmed by this court on May 3, 1917; that afterwards, on November 10. 1919, and on February 27, 1920, the Railroad Commission of the state of Texas had, on a full hearing of the evidence, found that it was to the interest of the public that the passenger depot be removed to the new location, and the appellee was ordered to make such removal, and the order was obeyed. This order was attacked on the grounds that the first order to the United States Director General of Railroads was invalid because appellant's railway was wholly intrastate, because both orders were not in the interest and welfare of the public and because the Commission has no authority to ignore the final judgment of the district court, unless conditions had changed so as to render the order proper in the interest of the public.

[1, 2] This court held on the last appeal, herein mentioned, that "should the public benefit require the removal, and should the Railroad Commission order the removal," the

---

judgment would not prevent the execution of such order. This, in effect is admitted to be the law in the petition of appellant. In the order of the Railroad Commission it is recited that the Director General and various and sundry citizens of the town of Kerrville had filed petitions praying for the removal of the depot to the new location, and, after hearing all the evidence, the Commission held that the old depot was inadequate and insufficient for the needs of the traveling public and the business of the railway company, and that the new depot is in close proximity to a majority of the people of Kerrville, is more accessible, more adequate and commodious, and that the new depot, which had already been erected, contained more public conveniences than the old depot, and that the public interests required the removal. This order was issued about four years ·after the injunction was issued by the district court, and the circumstances and environments could have radically changed in that time. The Commission had the authority under a changed state of facts to make the order, and we must presume that such change had taken place and that the recitations of the order of the Commission were true. If the public interests demanded that the old depot be retained in 1916, in four years the circumstances could and doubtless did so change that the Commission was justified in finding that the location should be changed. The statute specially clothes the Railroad Commission with the power to have provided and maintained depots, and it can compel railway companies to build depots where it is deemed best for public convenience and comfort. Railroad Commission v. Railway, 102 Tex. 393, 117 S. W. 794; Angelina R. R. Co. v. R. R. Commission (Tex. Civ. App.) 212 S. W. 703.

[3] Article 6693, Vernon's Sayles' Civ. Stats., provides that railroad companies shall provide and maintain adequate, comfortable, and clean depots and depot buildings at their several stations and article 6694 gives the Railroad Commission of Texas the power to require compliance with the preceding article. Undoubtedly the Commission had full authority to change the location, and it was not in contempt of the judgment of the district court rendered in 1916, for it sets up in its order a different state of facts from those found by the jury years before, and under the facts recited it had full authority to give the order promulgated by it. The judgment of the district court was rendered under a given set of facts and circumstances, and, when they changed, that judgment necessarily had no further force or effect. The order of the Commission showed that, instead of being beneficial as in 1916 for the old depot· to be maintained, the interests of the public demanded, in 1920, that the location be changed. It must be presumed that the recitations of the order were true, as this is a collateral attack upon the order of a commission of the state, acting clearly within its statutory power and authority.

The permanent injunction, as construed by this court in the appeal reported in 195 S. W. 621, was one that would become ineffective as soon as the Railroad Commission might determine that the circumstances had so changed that equity demanded that it no longer have force and effect. As held in a Nevada case, a perpetual injunction should not be too broad, and it was held to be error to enjoin county commissioners perpetually from opening a road, where the circumstances could be changed so as to make such opening legal. Joyce on Injunctions, § 107; Champion v. Sessions, 2 Nev. 271. If the Railroad Commission, in the exercise of its statutory duties, could not inquire into the necessity of the locating of a depot in a different part of a town or city in three or four years after the granting of a perpetual injunction, it could not do so in ten, twenty, or even fifty years. The rights of the people of Kerrville cannot be hampered, if not destroyed, by any such exaggerated construction of the extent and duration of the former judgment. The same judge who granted the injunction now holds that the state of facts is such that the Railroad Commission could change the location of the depot, and this court agrees with that conclusion. The allegations were not sufficient to show a right to an injunction or damages.

This is undoubtedly a collateral attack upon the order of a regularly organized commission, under the Constitution and laws of Texas, the order being one under the full power and jurisdiction of the Commission. On its face the order is regular, and its recitals must be taken as true. The fact that a court had granted an injunction three or four years prior to the order to prevent the removal of the depot to another location did not render the order void, and no grounds were pleaded showing the order to be void. It has been held in California, Iowa, and New York that a judgment obtained in violation of an injunction is not void, and consequently not subject to collateral attack. Van Fleet, Coll. Att. § 560; Rahm v. Minis, 40 Cal. 421; Clark v. Wolf, 29 Iowa, 197; Platt v. Woodruff, 61 N. Y. 378.

The judgment is affirmed.