## SAN ANTONIO & A. P. RY. CO. v.·RAILROAD COMMISSION OF TEXAS et al.*
(No. 6938.)

(Court of Civil Appeals of Texas. Austin. July 6, 1925.)

**I. Appeal and error ⟨⟩856(I)—If judgment of trial court can be sustained under statutory provisions other than those relied on, it will be upheld.**

On appeal from judgment dissolving injunction against enforcing order of Railroad Commission to remove depot, even if Acts 35th Leg. 4th Called Sess. (1918), c. 93 (Vernon's Ann. Civ. St. Supp. 1922, art. 6716i), on which court relied, did not authorize order, if judgment can properly be sustained under other statutory provisions, it will be upheld.

**2. Railroads ⟨⟩9(2)—Orders and regulations of commission upheld, unless arbitrary and unreasonable. ·**

The Railroad Commission is clothed by law with authority to make all reasonable rules, regulations, and orders in the public interest as may be necessary to compel railroads to carry out the general provisions of law in their application to particular cases, and its orders, rules, and regulations should be upheld, unless so arbitrary and unreasonable as to impose unfair burden on railroad company involved.

**3. Railroads ⟨⟩9(2)—Burden of proof on one seeking to overthrow commission's orders.**

Though function of Railroad Commission is administrative and ministerial, it has semijudicial character, and more onerous burden of proof is cast on those seeking to overthrow commission's orders than upon plaintiffs generally.

**4. Railroads ⟨⟩60—Order requiring erection of depot building in new location held proper.**

, . Under Rev. St. 1911, art. 6654, subd. 12, and article 6693, relating to railroad station requirements, and articles ·6675 and 6694, enjoining on Railroad Commission duty to require compliance with such laws, where depot did not have separate apartments for white and negro passengers, and was located one and one-half miles from town, and was in dilapidated condition, order of Railroad Commission that station should be removed to new location nearer town, and new building should be erected, was proper, regardless of whether Acts 35th Leg. 4th Called Sess. (1918) c. 93 (Vernon's Ann. Civ. St. Supp. 1922, art. 6716i), giving commission power to order relocation of stations, is constitutional under Const. art. 3, § 35, requiring subject of bill to be expressed in title.

**5. Railroads. ⟨⟩60—Dilapidated condition of depot and distance from town properly considered in deciding question of removal.**

In deciding whether depot should. be removed to more convenient location, Railroad Commission was entitled to consider whether it met requirements of Rev. St. 1911, art. 6654, subd. 12, and article 6693, relating to accommodations of depots, and that it was one and one-half miles from town and was in dilapidated condition.

**6. Railroads ⟨⟩60—Liability to suit for breach of covenant in deed held not to render order requiring removal of depot improper.**

Fact that depot was on site conveyed to railroad company for consideration of construction and maintenance of depot, which had been maintained thereon 35 years, and that removal. thereof might render company liable to suit, did not render improper order of Railroad Commission that depot should be removed to more convenient site.

**7. Railroads ⟨⟩9(2)—Company has burden of showing unreasonableness of order requiring removal of depot.**

In view of Rev. St. art. 6658, railroad company, objecting to removal of depot ordered by Railroad Commission has burden of showing by clear and satisfactory evidence that such order was unreasonable and unjust.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Suit for injunction by the San Antonio & Aransas Pass Railway Company against the Railroad Commission of Texas and others.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied October 7, 1925.

From judgment dissolving a temporary injunction, plaintiff appeals. Affirmed.

Boyle, Ezell & Grover and J. D. Wheeler, all of San Antonio, for appellant.

Dan Moody, Atty. Gen., and Ernest May, Asst. Atty. Gen., for appellees.

BAUGH, J. In February, 1920, certain citizens of Center Point, an unincorporated town of some 500 or 600 inhabitants, situated on the San Antonio & Aransas Pass Railway in the eastern part of Kerr county, filed a petition with the Railroad Commission asking that, in the public interest, said railway company be required and compelled to remove its depot building, side tracks, and station from its old site to a point nearer town. A hearing was had before the commission, and the removal ordered. The railway company thereupon, in August, 1920, obtained a temporary injunction restraining the enforcement of such order. After a hearing upon the merits, however, the trial court, on December 24, 1923, dissolved the temporary injunction. Hence this appeal.

The appellant brings numerous propositions of law, based upon equally numerous assignments of error, attacking the judgment of the trial court in sustaining the order of the Railroad Commission, but they resolve themselves for the most part into two general contentions: First, that the law does not authorize the Railroad Commission to make any such order to remove the depot; and, second, that, even if it does, such a removal in the instant case imposes an unreasonable burden on the railroad company, and should not, therefore, be permitted.

That portion of the Railroad Commission's order pertinent here reads as follows:

"And, it further appearing to the commission from the evidence submitted that the depot facilities as at present maintained by said railway company at the station of Center Point, at the present location, are inadequate and insufficient for the needs of the traveling public and business of said railway company, that the proposed new location of the station and depot at the point on the line of said railroad, 3,986 feet west along the right of way of the main line of said railway company from the present depot site or station, is in closer proximity, easier of access, and more convenient to the great majority of the people of the town of Center Point and the people of that community and surrounding territory who use said depot than the old station or the present depot site, that the public benefit and interests of a great majority of said people and the interest of the traveling public, business men, tourists, and their convenience and safety require the removal of said depot building and station now designated as 'Center Point' to the proposed new location, and that the removal of the same will be of great benefit to the general public, it is therefore ordered by the Railroad Commission of Texas that the San Antonio & Aransas Pass Railway Company be and it is hereby ordered and required within 90 days from this date to abandon said old station and depot at the 'Old Site' and to remove said station and depot buildings from said 'Old Site' to the proposed new location, 3,986 feet west along the right of way of said railway company from said 'Old Site' or present location, said new location being fully shown on the plat on file in this cause which is here referred to for a more particular description of the same, and to provide and maintain at said new location on its line of railroad, an adequate and sufficient freight and passenger depot building and station facilities for the accommodation and use of the traveling public and business of said station, with separate waiting rooms for white and colored people, as required by law, and to build and maintain such sidings and spur tracks at said station as will be sufficient to handle the business tendered said railway company at said station."

The findings of the Railroad Commission were substantially sustained by the findings of fact made by the trial court, and are supported by the evidence. In addition, the trial court made the following findings of fact and conclusions of law:

"(8) I further find that the present depot building is inadequate to comply with the terms of law, and it will be necessary for plaintiff to add to or reconstruct same, whether the site of the station is removed to the new site or not.

"(9) I find that such change of depot sites, in accordance with the order of the Railroad Commission, can be made at an expense of less than $7,000 to the plaintiff, which is neither exorbitant nor confiscatory, but is reasonable and just.

"Conclusions of Law.

"(1) That the Railroad Commission of Texas is authorized to make and enforce its order of June 16, 1920, requiring the plaintiff to abandon the present site of its depot building and side tracks at Center Point station, and remove same to the point designated in its said order, under article 6716i of Vernon's Sayles' Revised Statutes of Texas.

"(2) The said order of the Railroad Commission and the judgment of this court relieve the plaintiff from any damage in its failure to comply with the covenant in the Ganahl deed, mentioned above, requiring the maintenance of a depot at the present location."

[1] Appellant insists that the Railroad Commission was not authorized to order the removal under said article 6716i, V. S. 1922 Sup. Rev. Civ. Stats. (chapter 93, Acts 4th Called Sess. 35th Leg. 1918) as concluded by the trial court, for the reason that, though authority is given in the body of the act to order same in case the "public interest demands or may demand" such relocation, the caption of the act as passed (Senate Bill No. 55) only gives the Railroad Commission authority to require a railway company "to arrange or rearrange, or relocate their railroad tracks and depot buildings at stations when and where the safety of the public may require such arrangement"; and that, under section 35, art. 3, of the Constitution of Tex-

as, requiring the subject of a bill to be expressed in its title, only that portion of the law pertaining to a relocation where the safety of the public required it is valid. It is manifest from the record that the order of the commission and the judgment of the trial court in sustaining it was based upon the public interest and welfare of the town and community served, and not upon the "safety of the public." If the act above referred to were the only authority under which the commission could order the relocation of the depot in the instant case, a very serious question would be presented. Inasmuch, however, as we have concluded that the commission had such authority independent of this act, we do not find it necessary to pass upon this question. And, though the trial court relied upon this act in rendering his judgment, even if it be conceded that the particular act did not authorize the order, if his judgment can properly be sustained under other provisions of the statute, it will be upheld.

Subdivision 12 of article 6654 and article 6693, R. S. 1911, provide that railroad companies shall provide and maintain at their several stations adequate, comfortable, and clean depots and depot buildings for their passengers, .with separate apartments for white and negro passengers; and that they shall keep and maintain adequate and suitable freight depots and buildings for receiving, handling, storing, and delivering freight handled by the road.

Articles 6675 and 6694, R. S., enjoin upon the Railroad Commission the duty of requiring a compliance by the railroads with such laws, under such rules and regulations as the commission may deem reasonable.

[2, 3] It is clear and well settled that the Railroad Commission is the agency created by the Legislature, not only to see that the laws regulating the operation of railroads are enforced, but likewise to make such reasonable regulations, orders, and rules, in the public interest, as may be necessary to compel such railroads to comply with and carry out the general provisions and requirements of the laws in their application to particular cases. Its power and authority is derived from the Constitution and the statutes, it is true, but of necessity the commission is vested in its functioning, with large discretion in applying the general provisions of the law to the concrete facts of a particular case. And, so long as their orders, rules, and regulations are designed to carry out the spirit and purpose of the statutes, they should be upheld, unless clearly so arbitrary and unreasonable as to impose an unfair burden upon the railroad company involved. Though it is true that the Commission's function and duties are administrative and ministerial (G., C. & S.

F. Ry. Co. v. State, 56 Tex. Civ. App. 353, 120 S. W. 1028; State v. Sugarland Ry. Co. [Tex. Civ. App.] 163 S. W. 1047), it is also true that it is clothed with a semijudicial character, and that a more onerous burden of proof is cast upon those seeking to overthrow the commission's orders than upon plaintiffs generally. G., C. & S. F. Ry. Co. v. Railroad Commission, 102 Tex. 338, 113 S. W. 741, 116 S. W. 795; Railroad Commission v. S. A. Compress Co. (Tex. Civ. App.) 264 S. W. 214.

[4, 5] In the instant case the depot was a wooden structure, used as both a freight and passenger depot, built more than 30 years ago, without separate apartments for white and negro passengers, situated approximately one and one-half miles from the town of Center Point, and from the evidence appears to have been in a rather dilapidated condition. The law required it to be, as a passenger depot, adequate, comfortable, and clean. As a freight depot it was required to be adequate and suitable for receiving, handling, storing, and delivering freight. The new location was not only more easily accessible to the people of the town by reason of elimination of a stream crossing necessary in reaching the old depot, but was approximately a mile closer to the town. Both of these facts the Railroad Commission was entitled to consider in determining whether such depot met the requirements of the law that it should be adequate and suitable to the use of those who patronized the road. These provisions of the law were not intended to apply merely to the character of the building maintained. Certainly it could not be said that a depot building, meeting all other requirements of the law, but located in a swamp, on a precipice, or in some other inaccessible place, was either adequate or suitable to the public use contemplated by these provisions of the statute. Clearly it was within the power of the commission to require, within reasonable limitations, the railway company to repair, remodel, or expand its depot to meet the general requirements of the law, or, if necessary to do so, to tear down the old building and erect a new one. And if, within such reasonable limitations, in order to make such depot adequate and suitable for the purposes for which it was built, and, in order to serve the people of Center Point, it was necessary to move it approximately 4,000 feet from its old location, we think the Railroad Commission had authority to require the railway company to do so under the articles of the statute above cited, regardless of said article 6716i. Such is the holding of the San Antonio Court of Civil Appeals in a removal of a passenger depot made within the town of Kerrville. Mosel v. S. A. & A. P. Ry. Co. (Tex. Civ. App.) 249 S. W. 893. The removal in that case was wholly within the limits of an incorporated town, but the authority of the Railroad Com-

mission involved is the same. See, also, Railway Co. v. Bellamy, 113 Ark. 384, 169 S. W. 322, L. R. A. 1915D, 91.

[6] Nor do we think there is any merit in appellant's second contention; that is, that the order is arbitrary and unreasonable, in that it places an unreasonable burden on the railway company. It appears from the record that, when the railroad was built, one Jennie W. De Ganahl conveyed to said railway company the lands on which the old depot was situated, along with other lands, in part consideration "of the construction and maintenance of a depot at the proposed town of Ganahl." It appears that a town was laid out there, but was never built, and the name of the station changed, under the law, in 1909 from Ganahl to Center Point. Appellant contends that, having obligated itself in accepting the deed to maintain such depot, and the other parties owning property at or near such depot not being parties to the suit, it would be liable in damages to them for such removal, thus placing in addition to the cost of moving its depot an unreasonable burden upon it.

We think this point was likewise disposed of in the case of Mosel v. S. A. & A. P. Ry. Co. (Tex. Civ. App.) 177 S. W. 1051, where the court held that the Railroad Commission has no authority over contracts between the Railroad Commission and private parties, and "whenever it is made to appear that the public interest requires the removal of the depot, it can be removed, notwithstanding the covenant with private individuals not to remove it." S. A. & A. P. Ry. Co. v. Mosel (Tex. Civ. App.) 195 S. W. 623. The station has been maintained at its present site for about 35 years, and we are not prepared to say that this, in view of the fact that the public interest requires its removal, is not a substantial compliance with the terms of the deed. Such, in fact, is the express holding in T. & P. Ry. Co. v. Scott, 77 F. 726, 23 C. C. A. 424, 37 L. R. A. 94, where the court said in a similar case:

"We think that the establishment of a railway station, and its maintenance, to the full extent expected or claimed, for 36 years, is, under all the circumstances, a substantial and sufficient compliance with the terms of the contract relied on here."

The trial court found, and we think his finding supported by the evidence, as follows:

"(7) I also find that no residences have been erected at or near the present old depot site; that the few so-called industries located at that point are negligible and inexpensive improvements, and same could be removed without material trouble or expense."

[7] The burden rested upon appellant to show by clear and satisfactory evidence that the order of the Railroad Commission was unreasonable and unjust. R. S. art. 6658; Angelina, etc., Ry. Co. v. Railroad Commission (Tex. Civ. App.) 212 S. W. 703. We think that appellant has failed to discharge such burden, and that the order of the commission in the instant case was one clearly authorized by law. Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.