IN RE ESTATE OF JAMES G. SARVEY.

STATE SAVINGS BANK OF MISSOURI VALLEY, Appellee, v. FRED BROWN, Administrator, et al., Appellants.

528

MAY 8, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*H. L. Robertson*, for Fred Brown, Administrator, appellant.

*Tamisiea & Tamisiea*, for Fred B. Sarvey and Charles A. Sarvey, appellants.

*R. J. Organ* and *C. W. Kellogg*, for appellee.

WAGNER, J.—James G. Sarvey died intestate, April 1, 1923, leaving no surviving widow, and leaving his two sons, Fred B. Sarvey and Charles A. Sarvey, as his only heirs at law. Fred Brown, the administrator of the estate, is the brother-in-law of the decedent, and the uncle of the two Sarvey boys.

On March 1, 1918, James G. Sarvey sold 160 acres of land in Harrison County, and as a part of the consideration, he took from the purchaser two $10,000 notes, each of which was secured by a mortgage on 80 acres of said real estate. These two notes form the basis of the controversy herein.

In 1919, James G. Sarvey entered the field of speculation, and executed many notes. His adventures proved to be unwise, and his troubles with reference thereto began soon thereafter.

The First National Bank of Missouri Valley brought suit against him on two notes, and one of his claimed defenses thereto was that he was mentally incompetent for the transaction of business. See *First Nat. Bank v. Sarvey*, 198 Iowa 1067.

It is manifest that desperate efforts were put forth to defeat the holders of the notes executed by the decedent. It is claimed by both the administrator and the two boys that the decedent had made a gift of the two $10,000 notes to the two sons, reserving for himself the interest thereon. We find it unnecessary to refer in detail to the evidence as shown by the record. Much of the testimony given by Brown and Fred Sarvey is conflicting with other portions of the testimony given by said witnesses; some of it is at variance with their testimony given in the *First Nat. Bank* case, supra. Brown, the administrator, who is the uncle of the two boys, and who claims to have received from the decedent the two notes for them, in 1919 permitted Sarvey, the payee, to take from his possession one of said notes, which he traded in consideration of the purchase price of stock of the Missouri Ice & Coal Storage Company. An adjustment as to said deal was made between the decedent and said company, and in February, 1920, the decedent regained the ownership and possession of said note. Thereafter, through the instrumentality of Brown and the boys, the payee made the following indorsement upon one of said notes:

"Pay to Charles A. Sarvey or order I hereby give and deliver this note to my son, Charles A. Sarvey."

Upon the other of said two notes he made the following indorsement:

"Pay to Fred Sarvey or order I hereby give and deliver this note to my son, Fred Sarvey."

Not including these notes, the estate is insolvent.

Brown, as administrator, made his inventory on August 3, 1923, and he therein reports the existence of the two $10,000 notes, with the statement that the two sons claim to be the owners thereof, and that they have always been the owners of same, subject only to the rights of James G. Sarvey to collect all interest accruing on same during his lifetime; and that, he is informed and advised, the court will have to determine who is the owner of said notes.

Concurrently with the making of the aforesaid inventory, an attorney representing the boys prepared an application, in which it was asked that they be adjudged to be the owners of the notes. A general denial of the averments of the application of the boys was prepared for the administrator; and the next day, the inventory, the application of the boys, and the answer of the administrator were placed on file in the clerk's office, and the matter presented to the court. The court, Judge Cullison presiding, granted the order adjudicating that the two Sarvey boys were the owners of the said two notes, and had been the owners thereof since on or about the date of their execution, subject only to the rights of the said James G. Sarvey, deceased, to collect interest accruing thereon during his lifetime. No exception was taken to said order.

It will be observed that the matter was presented to the court forthwith, and that the administrator voluntarily appeared by the filing of a general denial.

The estate is indebted to the claimant in the principal sum of $8,000. On April 6, 1925, it filed its application to set aside the former order of August 4, 1923. It is alleged therein, in substance, that, at the time of the filing of the former application and obtaining of the aforesaid order, the administrator and the two boys were working in collusion, and that the procurement of said order was done for the purpose of perpetrating fraud upon the creditors of the estate, including this claimant, and that said order was in fact procured by perpetrating a fraud upon the court. The administrator and the two Sarvey boys joined in their defense, pleading in their answer a general denial, *res adjudicata,* and that the claimant's right to relief is barred by the statute of limitations, waiver, and estoppel.

The trial court, on June 5, 1925, found for the claimant, and set aside the order of August 4, 1923. The order contains the following, with reference to the court's findings:

"That all acts of the administrator, Fred Brown, in connection with the obtaining of said order, were fraudulent, and were all calculated to perpetrate a fraud upon the court and the creditors of this estate in the obtaining of the same, and that no proper defense was made to said application by said administrator at the time of the hearing upon the same, and that all acts of the applicants, Fred B. Sarvey and Charles A. Sarvey,

in connection with the obtaining of said order, were fraudulent, and were calculated for the purpose of perpetrating a fraud upon the court and creditors of this estate; and the court further finds that, at the time of obtaining said order, the said Fred Brown, as administrator of this estate, was acting in collusion with the said Fred B. Sarvey and Charles A. Sarvey, and that all of said parties intended, by their actions in so obtaining said order, to perpetrate a fraud upon this court and to defraud the creditors of this estate, *and that said parties did in fact perpetrate such fraud*, and that for that reason the same should be held null and void, and should be set aside."

The aforesaid findings of the trial court have the same weight, force, and effect as the verdict of a jury in a jury case. The findings of the court find ample support in the record. We deem it unnecessary to further particularize in regard to the same.

It thus appears that, by reason of collusion between the two boys and their uncle, the administrator, there existed such extrinsic or collateral fraud as prevented a fair submission of the controversy to the court, and that a fraud was perpetrated upon the court.

The appellant contends that the order of August 4, 1923, constitutes an adjudication binding upon all parties claiming through the administrator of said estate. They also contend that  the applicant is entitled to no relief, because not asked within a year thereafter. As to the latter contention, they rely upon Section 12787 *et seq.* of the Code of 1924. The appellee is not asking for any relief under the aforesaid sections of the Code. It was not a party to the former action, although, in the absence of fraud or collusion, it would have been bound by the adjudication. The estate is not closed. Mistakes in settlement may be corrected in the probate court at any time before the final settlement of the estate and the discharge of the administrator, on a showing of such grounds as will justify the interference of the court. See Section 12049 of the Code. It is true that parties claiming through an estate are usually bound by an adjudication against the administrator, but this is not true when there was not a fair submission of the controversy, by reason of collusion between the parties to the suit, and fraud

has been perpetrated upon the court, and when a just conclusion has been obviated because of such collusion or fraud. In *McLeary v. Doran*, 79 Iowa 210, we held that, where trial was had upon a claim against the estate, the adjudication was binding upon all interested parties, *unless the adjudication be the result of fraud.* In a similar case, *In re Estate of Scholes*, 170 Iowa 93, we held that the trial of issues is conclusive unless a just conclusion has been obviated by fraud or collusion; and under the facts of that case, we found the existence of fraud, and stated therein that, had it been charged, we would have had little trouble in finding collusion. We there found that fraud had been perpetrated upon the court, and that the order of adjudication allowing the claim should be set aside.

The order of the court of June 5, 1925, in setting aside the so-called adjudication of August 4, 1923, was clearly correct. It must be borne in mind that there was no service of notice upon the claimant; that the claimant was not a party to the proceeding; that the estate is not closed; and that, under Code Section 12049, hereinbefore referred to, it has a right to institute the present proceeding in probate at any time prior to the final settlement of the estate, to correct the mistake resulting from the fraud perpetrated upon the court, which has resulted in injury to the claimant.

As hereinbefore stated, the appellants pleaded waiver and estoppel. Waiver is a voluntary and intentional relinquishment of a known right. There is no evidence in the record from which waiver can be asserted by the appellants. The record fails to show any act, word, or conduct on the part of the appellee which was relied and acted upon by the appellants to their detriment, and these are necessary elements to constitute estoppel.

The appellants in their abstract set out matters occurring since the order of June 5, 1925, setting aside the former order of August 4, 1923, and refer to the same in their argument. It is manifest that the appeal was taken from the order of June 5, 1925. The notice of appeal so specifies, and any matters occurring subsequently to the granting of said order are of no concern to us in the determination of this appeal.

The action of the trial court in setting aside the former

order of August 4, 1923, based upon fraud and collusion, is clearly right, and the same is hereby affirmed.—*Affirmed.*

EVANS, FAVILLE, ALBERT, and KINDIG, JJ., concur.