FRANCES McKENDRY, Respondent, v. JOHN McKENDRY, Appellant.

Fourth Department, July 9, 1952.

*William L. Clay* for appellant.

*Percival W. Gillette* for respondent.

*Per Curiam.* In an action for separation a valid existing marriage must be proved as part of plaintiff's case before plaintiff is entitled to judgment. (*Fischer* v. *Fischer,* 254 N. Y. 463.) When plaintiff offered in evidence the certified copy of the decree of divorce in the Florida action, and it was received by the court, she was then required to present proof that the Florida court had no jurisdiction. This she failed to do and in the absence of such proof the decree was entitled to full faith and credit. (*Williams* v. *North Carolina,* 325 U. S. 226.)

The order restraining the defendant from prosecuting the Florida divorce action did not restrain the Florida court and acted solely on the defendant. (*Steelman* v. *All Continent Co.,* 301 U. S. 278, 291; *Royal League* v. *Kavanagh,* 233 Ill. 175.

183; *Dobson* v. *Pearce,* 12 N. Y. 156, 167; Restatement, Conflict of Laws, § 450, comment b; *Platt* v. *Woodruff,* 61 N. Y. 378, 381, 382.)

We do not pass on the question as to whether or not, if the Florida decree was offered by the defendant the court would have been bound to receive it as a defense to the separation action, he having proceeded with the Florida action in violation of the restraining order. Here the offer was by the plaintiff.

We think the plaintiff established her cause of action with the exception of one necessary element, a valid existing marriage. In the interest of justice we think that the validity of the Florida decree should be determined before a final judgment is rendered determining the rights of the parties. To accomplish this the judgment should be reversed and a new trial granted solely on that question and the parties permitted to serve amended or new pleadings, if so advised.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law, without costs of this appeal to either party and a new trial granted in accordance with the opinion.