Irene E. Meenan, Respondent, v. John E. Meenan, Appellant.

First Department, December 20, 1955.

*Gerson Pakula* of counsel (*Pakula & Pakula,* attorneys), for appellant.

*Frederick J. Britton* for respondent.

Cox, J. In this action for a separation instituted on February 23, 1955, plaintiff-respondent applied to Special Term for alimony and counsel fees *pendente lite*. Attached to and incorporated in his answering papers, defendant-appellant submitted an exemplified copy of a Nevada divorce decree (reciting the jurisdictional grounds) which had previously been granted to him, on substituted service, by a court of that State on January 6, 1953, before the date of commencement of the action herein. This was prior to the effective date of section 1170-b of the Civil Practice Act. From the order of Special Term, Bronx County, granting such application and making an award of temporary alimony and counsel fees, defendant appeals to this court.

In October, 1952, while the parties were living separate and apart, the husband was paying the wife $100 a month pursuant to a support order of the Domestic Relations Court. The husband moved to Nevada and instituted an action for divorce, which resulted in the entry of a decree in January, 1953, containing no provision for alimony. Defendant continued, however, to make the payments required by the order until June, 1954, when he moved in the Domestic Relations Court to vacate the support order. This motion was granted without prejudice to an application by the wife for support either in the Nevada action or under section 1170-b of the Civil Practice Act (206 Misc. 793).

The questions raised on this appeal concern the power of the Supreme Court to grant relief under the particular circumstances of this case in view of the newly enacted section 1170-b of the Civil Practice Act.

In general, the jurisdiction of the Supreme Court in a matrimonial action and the award therein of alimony and counsel fees must be exercised in accordance with the powers conferred on it by statute (*Harris* v. *Harris,* 279 App. Div. 542). A prerequisite to the granting of judgment in such an action, however, is proof of the existence of a valid marriage (*Fischer* v. *Fischer,* 254 N. Y. 463; *McKendry* v. *McKendry,* 280 App. Div. 440). " Such an order must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties there is no basis for the order." (*Lake* v. *Lake,* 194 N. Y. 179, 185; *Kramrath* v. *Kramrath,* 231 App. Div. 533.)

The Nevada decree, if valid, terminated the marital relationship. Its validity, however, cannot be determined on affidavits but only after a trial. In view of the prima facie validity of

the Nevada decree, there appears to be no reasonable probability of success in the separation action and, therefore, neither counsel fees nor alimony can be awarded on that basis.

Regardless of this, plaintiff may still be entitled to a judgment for maintenance under section 1170-b of the Civil Practice Act on fulfilment of the requirements of that section. The fact that plaintiff was served with the Nevada decree prior to the effective date of the section appears to be of little consequence. The remedy is available in the pending separation action as indicated by analysis of the new statute. While the statute does not contemplate the award of temporary alimony — being in that respect significantly silent — it does provide for the maintenance of the wife when the court refuses to grant, among the other forms of relief enumerated, a separation.

The section specifically provides for a judgment for maintenance, based on a *finding* after trial by the court of the existence of a prior valid divorce decree granted in an action in which jurisdiction over the person of the wife had not been obtained.

In view of the holding in *Estin* v. *Estin* (334 U. S. 541) and cases of a like tenor on the doctrine of " divisible divorce ", it is now accepted law that a divorce decree may be " completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage ". (*Lynn* v. *Lynn,* 302 N. Y. 193, 201.) After the entry of the divorce decree, the marital status, as such, ceases to exist but the maintenance or economic status remains unimpaired.

True, we are not dealing here with the identical problem that occupied the court's concern in the *Estin* case (*supra*) where there was extant a prior judgment of separation with support provisions. Such prior judgment survived because the subsequent Nevada decree was not obtained on jurisdiction in personam. The obligation to support is an incident of the marriage relationship, unaffected by the foreign decree — absent personal jurisdiction of the wife — which by operation of the new section is fixed and crystallized. This result, however, becomes effective only after a trial. The apparent lack, before the enactment of section 1170-b, of any specific remedy to enforce the economic status which remained alive after the marital status had ceased to exist is now supplied. The Legislature endeavored specifically to afford to wives who had not previously secured an order for support in New York the same protection as those who had.

Accordingly, the order appealed from should be reversed and the motion denied.

BERGAN, J., concurs with Cox, J.; PECK, P. J., concurs upon the ground that temporary alimony and counsel fees are not authorized by section 1170-b of the Civil Practice Act. BOTEIN and RABIN, JJ., dissent and vote to affirm in the following memorandum: The legislative background of section 1170-b of the Civil Practice Act, indicates it should not be confined to the narrow construction placed upon it by the majority opinion, e.g., that the court may make provision for maintenance after trial but not provide for maintenance before trial. This plaintiff is entitled to support at this time either pursuant to the provisions of section 1169 of the Civil Practice Act if she prevails in her separation action, or under section 1170-b of the Civil Practice Act if the defendant establishes upon the trial that the marriage is void.

Order reversed and the motion denied. [See 1 A D 2d 774.]