Aron Steuer, J.
The parties hereto were married in 1942. At that time they both were residents of New York though plaintiff wife spent the greater part of her time teaching school in Virginia and defendant husband’s newspaper interest kept him mostly in New England. Shortly after their marriage they settled in South Wyndham, Vermont, where they bought a house. There is one child of the marriage.
In 1952 the parties experienced marital difficulties and the defendant left the plaintiff. He went to Nevada and procured a divorce. During the separation extensive negotiations were carried on between the parties as to_ the support to be provided. One provision of the negotiations is of significance here. Defendant’s mother lived in Oyster Bay, Long Island. All provisions were made contingent upon plaintiff taking the child and residing within 20 miles of Oyster Bay. This fact was conclusively established. The reason for this was that defendant’s mother was very fond of the child and wanted her near her. No provisions resulting from the negotiations were incorporated in the divorce.
In 1953 plaintiff, still residing in Vermont, brought a suit there for support of herself and the child. The court there found the Nevada decree valid and while provision for support of the child was made, that part of the decree which provided for the plaintiff was reversed by the Supreme Court upon the ground that the law of Vermont does not sanction support of a former wife.
Plaintiff then moved to this State. She has settled in Amenia. The latter place is not within 20 miles of Oyster Bay but is sufficiently close to allow frequent vists to and from defendant’s mother so that the spirit of the agreement is carried out and lends support to plaintiff’s testimony that she resumed her residence in New York in order to comply with the agreement that she made.
*624 This suit is for divorce and separation. It is obvious that the plaintiff cannot prevail. The Nevada decree is an absolute bar to recovery. Questions of the validity of the Nevada decree are no longer open. Litigation of the question in Vermont has settled that the Nevada decree is entitled to full faith and credit and there is no suggestion of a reason or ground upon which the Vermont judgment can be questioned.
Plaintiff claims however that despite this she is entitled to an award of alimony and counsel fee pursuant to section 1170-b of the Civil Practice Act. The pertinent parts of this section read: “ In an action for divorce, separation or annulment * * * where the court refuses to grant such relief by reason of a finding that a divorce * # * had previously been granted to the husband in an action in which jurisdiction over the person of the wife was not obtained, the court may, nevertheless, render in the same action such judgment as justice may require for the maintenance of the wife.”
The phrase “ as justice may require ” in the above has received attention in Vanderbilt v. Vanderbilt (1 A D 2d 3). It was there pointed out that the relief provided for in section 1170-b was not limited to wives who had a matrimonial domicile in New York but for those who had not, two important questions were to be considered. The first was whether the wife came here prior to the divorce and the second was whether the circumstances of her coming showed that justice entitled her to an award of support. Taking these questions in the reverse order it is clear that a wife who establishes a separate residence in this State, thereby giving her a right to sue, gains nothing from the section unless she establishes something more than convenience and a forum in which she would enjoy greater rights than she would in some other jurisdiction. It may be taken here that her selection of New York as a residence came about as a legitimate selection of a home rather than a forum. This because of the relationship of the child with its grandmother. The Court of Appeals (Vanderbilt v. Vanderbilt, 1 N Y 2d 342) found it unnecessary to that decision to pass on the question involved.
On the first question however the findings are not so favorable to the wife. She came here already divorced. She came here from a State which had already decided that one in her status was not entitled to support, and this not in an unrelated action but in her own suit. There could be no clearer instance of a divorced wife who enjoyed no rights in her own domicile seeking to obtain them because now, for other reasons, she had effected a change of residence.
*625 Lastly it should be pointed out that section 1170-b provides no new or separate cause of action. It provides for incidental relief in the actions therein named. This action is only technically for marital relief. Plaintiff was advised through her Vermont suit that no such relief was open to her. It is doubtful whether justice requires that support be awarded in an action in which plaintiff starts with the knowledge that she cannot prevail.
Judgment for defendant.