Walter J. Hart, J.
In this action for a separation and for judgment declaring that a divorce obtained by defendant in Florida is void, plaintiff seeks alimony and counsel fees. Under the circumstances presented here the language of the court in Meenan v. Meenan (286 App. Div. 775, 776-777, affd. 2 N Y 2d 802) is applicable. There the court stated:
“ The Nevada decree, if valid, terminated the marital relationship. Its validity, however, cannot be determined on affidavits but only after a trial. In view of the prima facie validity of the Nevada decree, there appears to be no reasonable probability of success in the separation action and, therefore, neither counsel fees nor alimony can be awarded on that basis.
“ Regardless of this, plaintiff may still be entitled to a judgment for maintenance under section 1170-b of the Civil Practice Act on fulfilment of the requirements of that section. The fact that plaintiff was served with the Nevada decree prior to the effective date of the section appears to be of little consequence. The remedy is available in the pending separation action as indicated by analysis of the new statute. While the statute does not contemplate the award of temporary alimony — being in that respect significantly silent — it does provide for the maintenance of the wife when the court refuses to grant, among the other forms of relief enumerated, a separation.
“ The section specifically provides for a judgment for maintenance, based on a finding after trial by the court of the existence of a prior valid divorce decree granted in an action in which jurisdiction over the person of the wife had not been obtained.”
Despite the holding in the Meenan case that there was no reasonable probability of success and the motion for alimony and counsel fees was denied, it is the opinion of this court that the issue of the validity of the divorce which must be litigated upon the trial may be resolved in plaintiff’s favor and that she would, therefore, be entitled to the judgment which she seeks. Accordingly, the interests of justice would best be served by having the trial court pass on the instant motion. Accordingly, the same will be referred to the trial court for disposition.
Settle order on notice.