Walter E. Hart, J.
The motion to reargue is granted and upon such reargument the original decision is adhered to. Plaintiff has not so clearly established the probability of her success upon the trial so as to warrant the granting of counsel fees at this time under section 1169-a of the Civil Practice Act. While plaintiff is not entitled to counsel fees under section 1170-a or 1170-b, if successful upon the trial in establishing the invalidity of the Florida divorce, it follows that she would be entitled to a judgment of separation under section 1161 of the Civil Practice Act and to an award of counsel fees under section 1169 of the Civil Practice Act. It is for these reasons that the matter of alimony and counsel fee was referred to the trial court. The circumstance that section 1170-b is significantly silent ” (Meenan v. Meenan, 286 App. Div. 775, 776-777, affd. 2 N Y 2d 802) as to temporary maintenance and counsel fees may perhaps be unfortunate. The remedy, however, is with the Legislature.
The motion, insofar as it seeks a preference in the trial of the action, is granted and the date for trial will be inserted in the order which is to be settled on notice. Defendant will be directed to file the note of issue and pay the fee therefor. Plaintiff, however, is apprised that the statement of readiness rule has been held to apply to matrimonial actions including the effect of waiver of the right to examine before trial after the note of issue has been filed. Pressing her application for an early trial, under the circumstances, is a matter for consideration with respect to the term plaintiff requests that the case be noticed for.
Submit memorandum setting forth the parties’ views and requests for trial date.