Charles A. Loreto, J.
Plaintiff moves for an injunction pendente lite restraining her husband from further proceeding in an action for a divorce on the ground of desertion brought by him in the State of New Jersey (in which she has not appeared) and to that end she asks for leave to amend her complaint by adding a cause of action for a permanent injunction. The basis of the application is that the law of New Jersey bars the divorce proceeding since the time devoted to marital litigation in this action may not be computed as part of the two-year period of desertion in a subsequent action between the same parties for divorce on the ground of desertion; also that it would be inequitable and unjust and cause her great hardship and irreparable injury to litigate in the foreign State a matter that may be determinative in both jurisdictions.
*1092 Prior to the marriage the husband was a bona fide resident of New Jersey. The wife then was a resident of New York. Prom the date of their marriage in New York on June 29, 1952 and until sometime in 1955, they resided in New York. Thereafter they moved to Trenton, New Jersey, where they resided together until March 5, 1958. Marital difficulties arose, they separated and plaintiff moved with the two infant issue of the marriage to another residence in the same city, until November 19,1959 when she again moved to New York City. In January, 1960 plaintiff commenced her action for separation in this court based on cruelty and nonsupport. On April 8,1960 the husband commenced his action for a divorce in New Jersey by making personal service upon her in New York of a complaint and a copy of an order of the Superior Court of New Jersey authorizing absentee service.
Comparison of the allegations of the complaint in the pending action in New York with the charges made by the husband in the New Jersey complaint establishes that the successful assertion of the charges by either of the parties in the action first tried and resulting in judgment, under the doctrine of res judicata, would be a bar to the maintenance of the other action.
Before an injunction may be granted to restrain the continuance of a matrimonial action in a foreign jurisdiction, there must be proof that the defendant has no bona fide domicile in the jurisdiction where the action is brought or that he is a bona fide resident of New York (Moscowitz v. Moscowitz, 256 App. Div. 955; Greenberg v. Greenberg, 218 App. Div. 104; Jones v. Jones, 180 Misc. 703). Here the defendant not only claims to be a bona fide resident of New Jersey, but insists that New Jersey was the matrimonial domicile of both parties, at least until the wife left New Jersey in 1959. Indeed, the wife does not deny or question her husband’s New Jersey domicile.
She nevertheless contends that she is entitled to injunctive relief since the New Jersey complaint alleges that “ [t]here have been no previous proceedings between the plaintiff and the defendant respecting the marriage or its dissolution or respecting maintenance of the defendant in any court except for an action for support of the children of the marriage pending in the Supreme Court of the State of New York”. (See rule 4:95-1 [c], N. J. Civil Practice Rules; Greenberg v. Greenberg, 11 N. J. Super. 582.) She argues that the complaint is a fraud on the courts of both jurisdictions and against her and the children of the parties. The husband answers that the complaint was drawn by his New Jersey attorney who was not aware of the allegations in the complaint in the New York action and *1093 that it was his “ impression that the New York case was limited to question set forth in the New Jersey Complaint”. This attorney in an affidavit annexed to the opposing papers, calls attention to rule 4:98-6 (b) of the New Jersey rules to the effect that “ [wjhere it appears that such previous litigation has been in a foreign jurisdiction it shall be the duty of the party in whose pleading the allegation appears, or the moving party where the action is uncontested, to produce at the trial so much of the record in said action as shall be necessary to enable the court to determine the effect, if any, of the previous action upon the issue before it.”
It would appear therefore that under the rule in question no harm can come to the wife since the entire record of the New York action would properly come before the New Jersey court should that action proceed to trial. Upon the trial, that court may then determine the sufficiency of the complaint and whether the alleged desertion was in fact continuously willful and obstinate and whether the action had been brought in good faith within the two-year period of desertion required in order to constitute grounds for divorce in that State.
The court concludes that there is not present in this case a sufficient and immediate necessity for equitable intervention on jurisdictional grounds to protect the marital status of the wife now domiciled in New York. The motion is accordingly denied.