George Tilzer, J.
The defendant husband moves for summary judgment in this action for a separation. The plaintiff wife cross-moves for an order directing the payment of arrears of temporary alimony and for additional counsel fees.
The defendant was and is a resident of New Jersey. The plaintiff was and is a resident of New York. They were married in New York on June 29, 1952 and resided in New York City until 1955. During the time they resided in New York defendant adopted plaintiff’s daughter, issue of a prior marriage, and a son was born of their marriage. In 1955 the parties moved to Trenton, New Jersey and resided in a house purchased in their joint names. They separated in March of 1958, the wife taking the children and moving to another abode in Trenton. On November 19, 1959 she moved to New York with the children. During all this time defendant was employed by the Federal Government in New York State.
On January 20, 1960 the wife instituted an action in Neiv York for separation by personal service and subsequently was granted temporary alimony and counsel fees. On April 6, 1960 defendant commenced an action for divorce in New Jersey for desertion, serving plaintiff in New York by order of the New Jersey court. The wife unsuccessfully sought to enjoin the New Jersey action by motion (Hoenig v. Hoenig, 24 Misc 2d 1091, Loreto, J.), and by two subsequent applications to Justices of the Appellate Division of this Department. Thereafter, on September 8, 1960, a divorce was granted to the husband in *430 New Jersey, which became final on December 9, 1960, the wife not appearing.
A motion for summary judgment in a matrimonial action may be made only on the basis of documentary evidence or official records which establish a defense (Rules Civ. Prac., rule 113, subd. [4]). During the pendency of the separation action and on September 12, 1960, this court granted the oral motion of the defendant to amend his answer to include the affirmative defense that he had been granted a divorce by a New Jersey court. Defendant has submitted a copy of the judgment nisi and a certified copy of the final judgment of the Superior Court of New Jersey. Said judgment provides that the defendant (therein the plaintiff) pay $50 weekly for the support and maintenance of his two children. These documents are sufficient to establish the defense. Moreover, the judgment of our sister State is entitled to full faith and credit (Williams v. North Carolina, 317 U. S. 287, 325 U. S. 226). Accordingly, the defendant’s motion for summary judgment dismissing the complaint is granted.
Coming to plaintiff’s cross motion, while plaintiff asserts that the New Jersey decree may have the effect of severing the marital tie, she nevertheless urges that it camiot defeat her rights under section 1170-b of the Civil Practice Act (Maintenance of wife where divorce or annulment previously granted on nonpersonal jurisdiction). The facts here present a novel situation with relation to such statute which was recommended by the Luav Revision Commission (1953 Report, p. 467): “ The Estin case [Estin v. Estin, 334 U. S. 541] called attention to the injustice to a New York wife whose husband has obtained a divorce in another state in an ex parte proceeding. Unless she had been able to get a separation order Avith maintenance prior to the foreign divorce, she has no remedy. ’ ’
The Court of Appeals in construing this section stated in Loeb v. Loeb (4 N Y 2d 542, 548): “Recognizing the social problems created by the frequent inequality of mobility and financial means as between husband and wife, the Legislature aimed to aid those wives Avho Avere unable to pursue their itinerant spouses and obtain support rights in foreign jurisdictions. However, such a policy is not furthered by allowing emigrant wives to journey to this State to avail themselves of this remedy.”
In the present case, prior to the wife’s marriage, her domicile Avas in this State. Thereafter the marital domicile and marital res were in this State for a period of two years. However, in 1955 the marital domicile and res became the State of New *431 Jersey when the plaintiff and defendant and their children moved to Trenton. Three years later the wife left the defendant and removed the children to another residence in Trenton, New Jersey. She remained there for over 20 months and then left for New York. She thereupon became the emigrant, the itinerant spouse and, as such, does not come within the protection to be afforded ‘ ‘ New York wives ” (Loeb v. Loeb, supra, p. 548). The husband did not leave the jurisdiction where the marital domicile and res were; the wife’s rights were not jeopardized by any such action of his. Her action in leaving New Jersey and later in refusing to appear in the action in that State are responsible for the ex parte divorce and the situation in which she finds herself. Moreover, justice does not require a judgment of this court where the husband does not leave the matrimonial domicile. The wife in the circumstances is not forced to go into a foreign jurisdiction for the vindication of her rights. The plaintiff here could have appeared in the New Jersey action, as she was so advised in her application for a stay, and there have asserted a counterclaim for support for herself and the children—the same relief which she seeks in the instant action. Finally, section 1170-b does not authorize temporary alimony and counsel fees. It provides “for maintenance, based on a finding after trial by the court of the existence of a prior valid divorce decree granted in an action in which jurisdiction over the person of the wife had not been obtained.” (Meenan v. Meenan, 286 App. Div. 775, 777, affd. 2 N Y 2d 802.) The cross motion is denied.