SHIRLEY DEGEN, Respondent, v. SIDNEY DEGEN, Appellant.—

The parties were married in New York; plaintiff and the child of the marriage have been living in New York since 1957. Defendant is a resident of New Jersey where the parties had resided together from 1955 until 1957 when plaintiff moved to New York with the child. In this action by the wife for a separation, the court, on documentary evidence, found that a foreign divorce had previously been granted to the husband in an ex parte action in New Jersey, and therefore properly granted the husband's cross motion for summary judgment (*Hoenig* v. *Hoenig*, 28 Misc 2d 429). Section 1170-b of the Civil Practice Act was enacted to protect such a wife, whose right to support from her husband may be completely cut off by an ex parte foreign divorce decree in the absence of a prior New York separation decree with provision for maintenance. Plaintiff as a "New York" wife qualifies for such protection (*Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, affd. 354 U. S. 416). However, to be entitled to maintenance under the statute, plaintiff must first establish her right to a separation, which would be granted but for the foreign ex parte decree (*Vanderbilt* v. *Vanderbilt, supra*; "*Dominick*" v. "*Dominick*", 26 Misc 2d 344, 351). Hence, the action was properly referred to an Official Referee to determine the amount of the maintenance, if any, to which the plaintiff is entitled. But an award for counsel fees and an award for the temporary maintenance of the wife and the child are not authorized by either section 1170-a or 1170-b of the Civil Practice Act; and, in the absence of statutory

authority therefor, the plaintiff is not entitled to any such award (*Meenan* v. *Meenan* 286 App. Div. 775, affd. 2 N Y 2d 802; *Goldstein* v. *Goldstein,* 16 Misc 2d 905). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.