Frederick Backer, J.
Plaintiff moves for temporary alimony and a counsel fee in this action for separation. The defendant opposes and cross-moves to dismiss the complaint on the ground of a pre-existing California divorce judgment in his favor which he contends is a bar to the instant action. He has also counterclaimed with respect to certain personal property. The cross motions present issues of law which involve construction and application of the provisions of the newly enacted sections 2:36 and 237 of the Domestic Relations Law (as amd. by L. 1963, ch. 685, eff. Sept. 1, 1963) as they apply to the issues raised by the facts presented in these motions.
The parties were married in New York City on November 15, 1958. In November of 1961 defendant alleges he became a resident and domiciliary of Los Angeles, California. Plaintiff alleges the defendant left her on or about February 15, 1962. The defendant claims plaintiff left him. Nevertheless, the defendant in March of 1963 commenced an action for divorce against plaintiff in the Superior Court of the State of California, County of Los Angeles, and on September 3, 1963 an interlocutory judgment of divorce was entered in his favor against plaintiff. That judgment was predicated upon grounds of cruelty, ill-treatment, desertion and abandonment by the plaintiff. Process therein was served upon the plaintiff by publication and by registered mail and also by personal service *339 of the summons and complaint upon her in New York City, by a Deputy Sheriff of New York County, all in accordance with California statute law iii such cases provided. Plaintiff did not appear in the California action.
Before that, plaintiff had instituted a separation action in New York against the defendant and served the summons and complaint upon him personally in Los Angeles on May 17, 1962. He appeared specially moving to dismiss the action upon the ground he was not subject to the jurisdiction of this court. That motion was referred to a Special Referee who reported on December 19, 1962 with a finding that the defendant was a resident of the State of California and not subject to the in personam jurisdiction of this court. The report was confirmed by the court and an order was entered to that effect sustaining jurisdiction only in respect of the in rem jurisdiction. It does not appear that plaintiff proceeded in that action any further with a view towards a judgment in rem. However, on November 18, 1963, when the defendant was on a visit in New York City, the summons and complaint in the instant action was served upon him. The defendant has now appeared and answered herein, setting up, however, his California judgment of divorce as an affirmative defense and bar to this action.
Considering now the instant cross motions, plaintiff argues that this court has discretionary authority by reason of the newly enacted sections 236 and 237 of the Domestic Relations Law (added by L. 1962, ch. 313, derived from Civ. Prac. Act, §§ 1140-a, 1155, 1164, 1169, 1170, 1170-b; and amd. by L. 1963, ch. 685, eff. Sept. 1, 1963), to award her temporary alimony and counsel fees, notwithstanding the alleged bar of defendant's California divorce judgment. The defendant, however, contends that even if section 236 could ultimately be invoked to award maintenance, it does not, at this posture of the case, permit an award of temporary alimony and counsel fees. A study of the. present sections 236 and 237 of the Domestic Relations Law reveals quite a change from its counterpart, the former section 1170-b of the Civil Practice Act.
Prior to the enactment of said section 236, former section 1170-b of the Civil Practice Act was the sole remedy available to a “New York wife ” (Loeb v. Loeb, 3 Misc 2d 622, affd. 3 A D 2d 834, affd. 4 N Y 2d 542, cert, den.' 359 U. S. 913) to seek support as an incident to a matrimonial action by her, when her husband had already obtained an ex parte decree of divorce against her in a sister State, where jurisdiction over her person was not obtained. Plaintiff, as a “New York" *340 wife, qualifies for, such protection (Vanderbilt v. Vanderbilt, 1 N Y 2d 342, affd. 354 U. 8. 416). But section 1170-b did not permit an award of temporary alimony or maintenance to the wife since the section specifically authorized an award only in the final judgment (see Degen v. Degen, 15 A D 2d 955, and, also, Degen v. Degen, 224 N. Y. 8. 2d 263, where the following is stated, p. 264): “ [1] It has been held that Section 1170-b does not sanction temporary alimony and counsel fees as it provides for a judgment for maintenance, based on a finding after trial of the existence of a valid divorce decree granted in an action in which jurisdiction over the person of the wife had not been obtained. (Meenan v. Meenan, 286 App. Div. 775, 147 N. Y. S. 2d 122, affd. 2 N Y 2d 802, 159 N. Y. S. 2d 701, 140 N. E. 2d 551; Dominick v. Dominick, 26 Misc 2d 344, 205 N. Y. S. 2d 503, at p. 512; Goldstein v. Goldstein, 15 Misc 2d 446, 182 N. Y. S. 2d 138, reargued 16 Misc 2d 905, 182 N. Y. 8. 2d at page 925; Bienstock v. Bienstock, Sup., 219 N. Y. S. 2d 395.). Thus, the additional counsel fee sought is unauthorized if directed to the interim or temporary award prior to such trial and findings.” Nor did section 1170-b entitle plaintiff to maintenance under that statute until she first established her right to a separation, which would be granted but for the foreign ex parte decree (Vanderbilt v. Vanderbilt, supra; Degen v. Degen, supra; “ Donúnick ” v. “ Dominick ”, 26 Misc 2d 344, 351). The Appellate Division, First Department, stated the following in its decision in the Vanderbilt case (1 A D 2d 3, 13, supra): “ Clearly, before maintenance may be ordered under section 1170-b, a wife must establish all the elements of one of the standard matrimonial causes of action.” Thus, the court, in the afore-cited Dominick case, by reason of such limitation, denied plaintiff an award for the reason she had not presented sufficient proof of her right to a separation. Despite these holdings and precedents, it might be noted here that in a case at Special Term, Supreme Court, Kings County (Ccmty v. Canty, 123 N. Y. S. 2d 545 [June 9, 1953]), which arose shortly after section 1170-b became effective, the court there granted temporary alimony and counsel fees in an action for absolute divorce even though the husband’s decree in North Carolina was interposed as a bar. The court held (pp. 545-546): ‘ ‘ 'Since the sister state decree is under attack she is entitled to temporary alimony and counsel fees, notwithstanding the husband’s defense of the previously obtained divorce. * * * It may be well to consider the recently enacted section 1170-b of the Civil Practice Act, Laws of 1953, chapter 663, which now requires the husband to maintain his wife even where the wife *341 fails in her separation suit because of a valid decree of divorce granted the husband wherein jurisdiction over the person of the wife was not had. It follows, a fortiori, that temporary alimony should be granted, prior to the trial of a separation suit, upon a wife’s denial of jurisdiction in the state where the divorce is alleged to have been granted. To put it another way, if because of absence of jurisdiction over her person, she is entitled under the newly enacted statute to support after she fails in her separation action, she surely is entitled to such support before her suit is determined.”
Considering the pertinent provisions of section 236, they read as follows: “In any action * * * for a separation * * * the court may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires * * * Such direction may be made in the final judgment * * *, or by one or more orders from time to time before or subsequent to final judgment, * * * Such direction may be made * * * notwithstanding that the court refuses to grant the relief requested by the wife (1) by reason * * * that a divorce * * * had previously been granted to the husband in an action in which jurisdiction over the person of the wife was not obtained, or * * * (3) by reason of a failure of proof of the grounds of the wife’s action or counterclaim.” (Italics supplied.)
I am, therefore, persuaded that section 236 of the Domestic Relations Law clearly and unequivocally confers authority upon this court to make an award of temporary alimony or support, in its discretion, even though there be the bar of the California judgment of divorce. (See Report of Joint Legislative Committee on Matrimonial and Family Laws, N. Y. Legis. Doc., 1963, No. 34, published N. Y. L. J., Sept. 10, 1963, p. 4 [Editorial page], col. 1.)
We consider now the defendant’s cross motion to dismiss the complaint herein on the ground of the pre-existing California “divorce decree ”. He contends that his judgment was granted and entered in accordance with and by virtue of the laws of the State of California; that full faith and credit must be given by this court to the California judgment under section 1 of article IV of the Federal Constitution.
However, in studying the papers and exhibits before me, and considering the respective arguments of counsel for the parties herein, it is manifest that what we are dealing with here is an interlocutory judgment of divorce obtained by the defendant in the State of California against plaintiff. Throughout the papers, admittedly, said judgment was interlocutory only. *342 According to the laws of the State of California it becomes final at the end of one year from its date. That would not be until September 3, 1964, since it was dated and filed on September 3, 1963. The said interlocutory judgment contains the following provision: “ That plaintiff is entitled to a divorce from defendant; that when one year shall have expired after the entry of this interlocutory judgment, a final judgment dissolving the marriage between plaintiff and defendant be entered, and at that time the Court shall grant such other, further relief as may be necessary to complete disposition of this action ” (emphasis added).
It must be noted that neither party herein has discussed nor considered as a factor herein the legal impact that the judgment interposed as a bar was only an interlocutory one. Impelled by this aspect, independent research by the court elicited the principles, well established in case law, that a judgment of a sister State, to be entitled to recognition and enforcement, must be a final judgment, not one which is interlocutory or subject to modification by the court which rendered it; that a final judgment rendered by a court of a sister State is entitled to full faith and credit, and, in order to be entitled to recognition and enforcement under the Full Faith and Credit clause of the Federal Constitution, the judgment must be a final judgment and not interlocutory adjudicating the litigation in a conclusive and definitive manner. Thus, a judgment which is merely interlocutory and not final is not entitled to recognition. (50 C. J. S., Judgments, § 889, p. 478; 34 C. J., Judgments, § 1609(2), p. 1133; Sullivan v. McFetridge, 55 N. Y. S. 2d 511, 528 [Sup. Ct. N. Y. County, April 18, 1945]; Lynde v. Lynde, 162 N. Y. 405, affg. 41 App. Div. 280, affd. 181 U. S. 183; Brinkley v. Brinkley, 50 N. Y. 184.)
In many other ¡States it is firmly established that ‘ ‘ full faith and credit ” under section 1 of article IV of the United States Constitution is required to be given only to final judgments and not to interlocutory judgments. (Ades v. Ades, 70 Ohio App. 487 [1942]; U. S. C. A., Const., art. IV, § 1 [note 100, pp. 526-527]; Gladfelter v. Gladfelter, 205 Ark. 1019 [1943]; Beard v. Beard, 57 Cal. App. 2d 579 [1943]; Atlas Life Ins. Co. v. Standfier, Tex. Civ. App. [1935] 86 S. W. 2d 852; Coane v. Girard Trust Co., 182 Md. 577 [1944]; Wood v. Wood, Ala. [1963] 154 So. 2d 661; Matter of Vermeulen, Fla. App. [1959] 114 So. 2d 192; Solomon v. Beatty, 68 So. 2d 881 [Fla., 1953], cert. den. 347 U. S. 988.) In the Atlas case (supra) it was held that the judgment of another State, to come within the full faith and credit clause, must be a final subsisting judg *343 ment, not reversed, vacated or annulled in the State of its rendition, and a judgment that is still subject to control of the court in which it was rendered will not support an action in another State.
Accordingly, I am of the opinion that the defendant’s California interlocutory judgment is not conclusive in this court under the full faith and credit clause. The motion to dismiss the complaint is, therefore, denied.
Examining now, plaintiff’s plea for temporary alimony and counsel fees, plaintiff admittedly has an income of at least $10,000 yearly. While she avers that defendant’s average gross income, from the practice of his profession as a doctor, is $70,000 yearly, and he had supplementary income from securities and other investments, the defendant avers that he has been extremely ill for the past two years, unable to practice his profession as a physician and has had no income for over a year and a half. He avers that his income, reflected by his income tax returns, showed $25,402.33 in 1960 and $20,738.22 in 1961, but his expenditures for 1961 were $36,043.79; that his income from investments totals less than $500 a year; that his bank balance as of January 28, 1964 is $2,343.62; he has no real estate investments or automobile; he lives at his brother’s residence in California at no cost to him.
It is impossible at this posture of the case to ascertain or appraise defendant’s financial status with any degree of certainty. That would best be resolved at the trial. Taking all the factors into consideration, this court, in its discretion, is inclined to award temporary alimony and counsel fees to plaintiff so that all of the issues of fact and law, herein presented, may be fully explored and presented before a trial court. Section 236 of the Domestic Relations Law provides that: “In any action * * * for a separation * * * the court may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
The Joint Legislative Committee’s Report, hereinbefore cited, contains the following applicable commentary (N. Y. L. J., Sept. 10, 1963, p. 4, col. 2): “ The core of the section — the basis on which an alimony award is to be made — is contained in the first sentence: ‘ The court may direct the husband to provide suitably for the support of the wife as * * * justice requires, having regard to the circumstances of the case and of the respective parties.’ The phrase 1 as justice may require ’ means ‘ that there are no “ as matter of law ’ ’ requirements one way or the other as to those matters which are to be *344 dealt with in the discretion of the court, on all the facts ’ ('Vanderbilt v. Vanderbilt, l NY2d 342, aft'd. 354 U. S. 416). In exercising its discretion, the court will consider the circumstances of the case (why the parties are in court).” The defendant is directed to pay plaintiff the sum of $100 weekly and a counsel fee of $2,500, payable as follows: One half within 15 days after the date of service of a copy of the order to be entered hereon, with notice of entry thereof, and the balance when the ease first appears on the Beady Day Calendar for trial. Plaintiff may apply to the Trial Justice for an additional counsel fee if the facts then presented warrant same. If either party desire an early trial provision therefor may be provided in the order hereon.