**Ruth A. MORRIS, Appellant,**

v.

**Teddy R. MORRIS, Appellee.**

**No. 55079.**

Supreme Court of Iowa.

May 11, 1972.

358

Hansen, Wheatcraft & McClintock, by Harry W. Haskins, Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Kelly & Eddy, by Michael J. Maher, Des Moines, for appellee.

RAWLINGS, Justice.

Petitioner, Ruth A. Morris, filed action for dissolution of marriage. Respondent, Teddy R. Morris, appearing specially, challenged jurisdiction. Trial court sustained the special appearance, dismissed the case, and petitioner appeals. We reverse.

These parties were married September 2, 1955, in Omaha, Nebraska, and subsequently moved to Des Moines, there acquiring considerable property. In May 1967, they separated. Petitioner remained in Des Moines. Respondent moved to California.

January 12, 1971, respondent initiated marriage dissolution proceedings in California. On or about January 18, 1971, petitioner received notice thereof by certified mail.

January 29, 1971, petitioner commenced the instant action in Polk County District Court, seeking a dissolution of marriage, alimony, attorney's fee, and property division.

March 5, 1971, an Interlocutory Judgment of Dissolution of Marriage, by default, was entered in the California court.

A few days later respondent filed a special appearance in the Polk County case, thereby attacking jurisdiction of the court in light of the California interlocutory decree.

Petitioner resisted and at the same time requested leave to file interrogatories pursuant to Iowa R. Civ. P. 121.

April 1, 1971, the above mentioned dismissal order was entered in Polk District Court.

Errors assigned here are, (1) trial court erred in sustaining respondent's special appearance, (2) denial of petitioner's request for leave to examine respondent by interrogatories constituted an abuse of discretion.

■ I. Appellate review of trial court's adjudication regarding respondent's special appearance is not de novo. Rather it is confined to errors assigned, with trial court's findings having the status of a jury verdict, thus binding on us if supported by substantial evidence, unless induced by an erroneous rule of law. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them. Iowa R. Civ. P. 344(f) (1); Weisbrod v. State, 193 N.W.2d 125, 127 (Iowa); Jansen v. Harmon, 164 N.W.2d 323, 326 (Iowa).

■ II. At this point it must be understood our review is confined to matters properly of record in the trial court as of and prior to April 1, 1971, when respondent's special appearance was sustained. That means any subsequent occurrences will not now be considered. See Oldis v. John Deere Waterloo Tractor Works Inc., 259 Iowa 1111, 1117, 147 N.W.2d 200; In re Estate of Sarvey, 206 Iowa 527, 532, 219 N.W. 318.

III. In sustaining respondent's special appearance, trial court held it was deprived of jurisdiction by prior entry of the ex parte California interlocutory decree. Upon this premise petitioner's case was dismissed. We disagree with this holding and result.

■ Full faith and credit must, of course, be accorded a valid judgment entered by any sister state. U.S.Const., art. IV, § 1.

It is evident, however, the foregoing constitutional mandate applies to final judgments alone. Stated otherwise, an interlocutory decree does not come within the ambit of the aforesaid constitutional provision. See White v. White, 78 Ariz. 397, 281 P.2d 111, 113; Iverson v. Iverson, 42 Misc.2d 338, 247 N.Y.S.2d 960, 964–966; 3 Nelson on Divorce and Annulment, § 33.-28 (2d ed.); 24 Am.Jur.2d, Divorce and Separation, § 949; 27B C.J.S. Divorce § 331; 49 Iowa L. Rev. 915, 920.

■ Moreover, the California interlocutory decree did not serve to terminate the marriage relationship between petitioner and respondent. In fact the decree specifically so provided. Berry v. Berry, 140 Cal.App.2d 50, 294 P.2d 757, 762. See 2 Nelson on Divorce and Annulment, § 19.08 (2d ed.); 24 Am.Jur.2d, Divorce and Separation, § 429; 27A C.J.S. Divorce § 161(2).

It therefore follows trial court's order sustaining respondent's special appearance and attendant dismissal of petitioner's action was induced by the application of an erroneous rule of law. Upon this basis we reverse.

■ IV. Petitioner also contends trial court erred in failing to allow her to examine respondent and file interrogatories pursuant to Iowa R. Civ. P. 121, regarding issues involved in the aforesaid special appearance.

Since trial court never resolved this matter no question is here presented for consideration. See State v. Hephner, 161 N.W.2d 714, 717 (Iowa), and citations.

V. Any further discussion would amount to an interdicted advisory opinion. See Blizek v. Eagle Signal Co., 164 N.W. 2d 84, 87 (Iowa); Redfield v. Iowa State Highway Commission, 252 Iowa 1256, 1265, 110 N.W.2d 397; Nitta v. Kuda, 249 Iowa 853, 858, 89 N.W.2d 149.

Reversed and remanded.

All Justices concur, except Mc-CORMICK, J., who takes no part.