STATE of Iowa, Appellee,

v.

Sharon LYNCH, Appellant.

No. 54930.

Supreme Court of Iowa.

Sept. 19, 1972.

Rehearing Denied Nov. 9, 1972.

P. D. Furlong, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and Zigmund Chwirka, County Atty., for appellee.

PER CURIAM:

Defendant appeals from judgment imposing sentence following a guilty plea conviction of making available a stimulant or depressant drug, contrary to § 204A.3 (1), The Code, 1971.

Appearing with counsel, defendant withdrew her plea of not guilty and entered a guilty plea on April 19, 1971. The trial court found the plea was voluntary. Following a presentence investigation, defendant was sentenced on May 11, 1971 to imprisonment in the women's reformatory for not more than one year.

On appeal defendant contends the plea was involuntary because she was led to believe a fine would be imposed.

Our review on this direct appeal is confined to matters properly of record in the trial court prior to and at the time of judgment entry. See Morris v. Morris, 197 N.W.2d 357, 359 (Iowa 1972); In re Sarvey's Estate, 206 Iowa 527, 532, 219 N.W. 318, 321 (1928).

The record before us does not support the claimed error. Questions directed to the voluntariness of the plea and defendant's answers comprise approximately a full page of record. This portion of the record is similar to that approved in State v. Zacek, 190 N.W.2d 415 (Iowa 1971). Defendant responded affirmatively three times when questioned concerning the voluntariness of her plea. Our review of the record leads to the conclusion trial court substantially complied with the guidelines set forth in State v. Sisco, 169 N.W.2d 542 (Iowa 1969). We hold the record before us demonstrates defendant's guilty plea was voluntarily entered.

The judgment is affirmed.