# In the Iowa Supreme Court

No. 23–1786

Submitted March 26, 2025—Filed May 16, 2025

**State of Iowa,**

Appellee,

vs.

**Vanessa Renae Gale,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Christine Dalton (motion to suppress), district associate judge, and Phillip J. Tabor (bench trial), senior district associate judge.

A defendant seeks further review of a court of appeals decision affirming her conviction and sentence for possession of a controlled substance, second offense. **Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed in Part, Reversed in Part, and Case Remanded.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

**McDermott, Justice.**

Vanessa Gale consented to a trial on the minutes of testimony and was sentenced for second-offense possession of a controlled substance and second-offense possession of marijuana. The problem? It was only her first offense. In the district court, the State presented evidence from an online court summary that, it turns out, misstated the nature of Gale's prior conviction. On appeal, both the State and Gale recognize the error and ask us to remand for resentencing. The court of appeals held that the district court reasonably relied on the inaccurate court summary and that the court of appeals could not take judicial notice of filings in Gale's prior case as a basis for resentencing. We granted Gale's application for further review of the court of appeals decision.

Gale was at a convenience store late one night in Davenport when she encountered Romaro Houston. Gale and Houston walked outside together and got in Gale's car. Gale pulled out of her parking spot next to the store and parked next to one of the store's gas pumps. Unbeknownst to Gale and Houston, an undercover Davenport police officer was following Houston, and two uniformed officers were on their way to arrest Houston. When the officers arrived, they approached Gale's car while parked at the gas pump. Their interactions with Gale and Houston led to a search of Gale's body and her purse. The search uncovered cash, four small tablets of methamphetamine, and about forty grams of marijuana.

Gale was arrested and charged under Iowa Code § 124.401(5) (2022) with one count of possession of a controlled substance for the methamphetamine and one count of possession of marijuana. The trial information alleged that this was her second offense for each count. Section 124.401(5) provides distinct levels of punishment based on the person's number of "predicate offenses"—referring to

earlier convictions that can enhance the sentence imposed for a later conviction. *See id.*

Gale filed a motion to suppress the evidence uncovered during the search, challenging both the stop of her vehicle and the search of her person and purse. She argued that the police officer unlawfully seized her during the initial stop, and that even if the initial stop was lawful, the officer lacked a lawful basis to search her afterward. The district court denied her motion to suppress.

Gale ultimately consented to a trial on the minutes of testimony. *See* Iowa R. Crim. P. 2.17(2). During its colloquy with Gale, the district court confirmed with Gale that the court would consider the minutes of testimony in her trial. Gale confirmed that she had reviewed the minutes with her attorney. No one voiced any objection to the minutes' contents. The district court found Gale guilty on both counts.

Based on the minutes of testimony, the district court also concluded that Gale had "prior convictions for possession of a controlled substance." The minutes showed that in 2016, Gale was convicted of possession of a controlled substance in violation of Iowa Code § 124.401(5) in Cedar County. Based on this finding, the court sentenced Gale to two concurrent terms of 120 days in jail but suspended the sentence and placed her on unsupervised probation for one year. It also imposed fines of $855 for the methamphetamine conviction and $430 for the marijuana conviction, along with a 15% surcharge. This sentence comports with what the law specifies for possession of a controlled substance, second offense, and possession of marijuana, second offense. *See id.*; *id.* § 903.1.

Gale appealed. We transferred the case to the court of appeals. Gale asserted two errors on appeal. First, Gale argued that the district court erred in denying her motion to suppress. Second, Gale argued that the district court

imposed an illegal sentence because her 2016 conviction in the Cedar County case did not in fact constitute a predicate offense under § 124.401(5). Although the State resisted Gale's first argument on the motion to suppress, the State agreed with Gale that the minutes of testimony were inaccurate and that the conviction in the Cedar County case was not a predicate offense. Although neither party presented the actual Cedar County judgment order during Gale's trial, both Gale and the State urged the court to take judicial notice of it on appeal.

The court of appeals affirmed the district court on both questions. On the suppression ruling, the court of appeals held that the police did not violate Gale's constitutional search and seizure protections and affirmed the denial of the motion to suppress. On the sentencing issue, the court of appeals stated that it could not take judicial notice of the Cedar County case filings, as they were not part of the district court's record. The court of appeals concluded that substantial evidence in the record supported Gale's conviction and sentence for both second-offense possession counts. Gale applied for further review, which we granted.

When we grant further review, we have discretion to let the court of appeals decision stand on specific issues. *State v. Doolin*, 942 N.W.2d 500, 506–07 (Iowa 2020). In this case, we let stand the decision on Gale's challenge to the suppression ruling. We focus our attention instead on Gale's illegal sentence argument.

Recidivist statutes "punish violators who have not responded to the restraining influence of conviction and punishment" by increasing criminal punishment based on the number of certain qualifying prior convictions. *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000) (en banc) (quoting *Hajek v. Iowa*

*State Bd. of Parole*, 414 N.W.2d 122, 123 (Iowa 1987) (en banc)). Section 124.401(5), the statute under which Gale's convictions arise, works in part as a recidivist statute.

Section 124.401(5) makes a person's first conviction for possession of a controlled substance a serious misdemeanor. Iowa Code § 124.401(5). For a second conviction, or if it is the person's first conviction but the person has a prior conviction under chapters 124B, 453B, or a pre-July 1, 2017 version of 124A, the conviction is an aggravated misdemeanor. *Id.* For the third conviction and beyond, or if it is the person's first conviction but the person has two or more prior convictions under chapters 124B, 453B, or the pre-July 1, 2017 version of 124A, the conviction is a class "D" felony. *Id.* Possession of marijuana follows the same pattern as other controlled substances but carries a lesser punishment. *Id.*

Gale argued on appeal for the first time that her sentence was illegal because she did not have a prior conviction to establish a predicate offense under § 124.401(5). The court of appeals, viewing this as a challenge to the sufficiency of the evidence presented in the district court, held that Gale waived any error regarding the record and concluded that Gale's convictions were supported by substantial evidence.

Whether Gale has a prior conviction under § 124.401(5) is relevant only to her sentence, not to her conviction. *Woody*, 613 N.W.2d at 217. Defendants convicted of drug possession under § 124.401(5) are not subject to a harsher sentence for a second offense unless they have been convicted of a first offense. *See id.* at 218. Whether a prior conviction under § 124.401(5) qualifies as a predicate offense presents an illegal sentence challenge, not a challenge to whether sufficient evidence supports the conviction. *See id.*; *see also State v.*

*Cortez*, 617 N.W.2d 1, 3 (Iowa 2000) (en banc) (applying an illegal sentence framework to whether a prior conviction qualifies as a predicate offense under chapter 124).

An illegal sentence is one "that could not have been lawfully imposed for the defendant's conviction or convictions." Iowa R. Crim. P. 2.24(5)(*b*). As a result, illegal sentence challenges are not subject to the general rules regarding waiver and error preservation. *Sahinovic v. State*, 940 N.W.2d 357, 360 (Iowa 2020). What's more, "[b]ecause an illegal sentence is void, it is subject to attack *even if* the defendant invited it or even specifically requested it." *State v. Chawech*, 15 N.W.3d 78, 85 (Iowa 2024). Gale's failure to object to the minutes of testimony at her trial does not prevent her from challenging the legality of her sentence on appeal.

Gale's sentence in this case would be illegal if she had no prior conviction for possession of a controlled substance, possession of marijuana, or a conviction under chapters 124B, 453B, or the pre-July 1, 2017 version of 124A. *See* Iowa Code § 124.401(5). The minutes of testimony contained the following entry:

CLERK OF COURT, DESIGNEE CEDAR COUNTY IOWA

He/She will testify that he/she is in charge of the records in the District Court, Cedar County, Iowa. He/she will further testify that a review of the records indicate that, VANESSA R. GALE was convicted of POSSESSION OF CONTROLLED SUBSTANCE in SRCR023967 on 4/22/2016.

Attached to the minutes was a criminal-history report that showed this conviction was for "Possession of Controlled Substance 1st Offense – Possession of other Schedule I, II substance" in violation of Iowa Code § 124.401(5). This report, if true, would establish that Gale had a prior conviction under § 124.401(5) and thus that her new conviction was a second offense.

But this report is inaccurate. As both the State and Gale now acknowledge, the Cedar County conviction in 2016 was for a violation of Iowa Code § 155A.21. Section 155A.21 makes it unlawful to possess pharmaceutical drugs without a prescription. *Id.* A violation of § 155A.21 is not one of the predicate offenses listed in § 124.401(5).

Although appellate review is ordinarily limited to the record created in the district court, *State v. Lynch*, 200 N.W.2d 896, 897 (Iowa 1972) (per curiam), both parties ask us to supplement the record by taking judicial notice of the filings in the Cedar County case. "Judicial notice has an ancient pedigree." Jeffrey Bellin & Andrew Guthrie Ferguson, *Trial by Google: Judicial Notice in the Information Age*, 108 Nw. U. L. Rev. 1137, 1142 (2014). It developed at common law as "a useful expedient for speeding trials and curing informalities." John Henry Wigmore, *A Pocket Code of the Rules of Evidence in Trials at Law* § 2120, at 476 (1910).

The Iowa Rules of Evidence, like their federal counterparts, permit a court to take judicial notice of certain facts, including those that "[c]an be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Iowa R. Evid. 5.201(*b*)(2). Application of this rule is not limited to district courts. *See State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013).

In explaining its decision not to take judicial notice of the Cedar County case filings, the court of appeals cited our court's discussion in *State v. Washington*. But *Washington* reads: "[T]he general rule is that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding *without an agreement of the parties*." *Id.* (emphasis added) (quoting *Leuchtenmacher v. Farm Bureau Mut. Ins.*, 460 N.W.2d 858, 861 (Iowa 1990)).

In *Washington*, a defendant in a criminal case challenged a district court's sentence of 250 hours of community service as retaliatory. *Id.* at 655. On appeal, the defendant asked us to take judicial notice of twenty-nine other district court files to review contemporaneous sentencing orders from the same judge for the same offense. *Id.* The State resisted, arguing that the filings in the twenty-nine other cases could never fully explain the rationale behind each sentence imposed. *Id.* at 656. We rejected the defendant's request to take judicial notice, reasoning that "[t]he validity of any comparison between sentences depends on too many individual variables, not all of which would be reflected in the record." *Id.*

Unlike in *Washington*, both parties in this case ask us to take judicial notice of the judgment order filed in the Cedar County case. The general rule stated in *Washington*, that courts do not take judicial notice of records in a different proceeding when a party objects, does not apply here. *See id.* at 655–56. Although parties' agreements and concessions do not necessarily bind courts, *see State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269 (Iowa 2016), we conclude that the district court's judgment order filed in the Cedar County case constitutes a source "whose accuracy cannot reasonably be questioned," Iowa R. Evid. 5.201(*b*)(2); *see also* 31A C.J.S. *Evidence* § 100, at 132 (2020) ("A court may take judicial notice of, and give effect to, its proceedings and records in another, but interrelated or connected, proceeding or case . . . ." (footnote omitted)). We thus will accept the parties' invitation to take judicial notice of the earlier judgment order.

That judgment order clearly states that Gale's conviction was for possession of prescription drugs without a prescription in violation of Iowa Code

§ 155A.21. Such a conviction does not constitute a predicate offense subjecting her to enhanced penalties under § 124.401(5). As a result, Gale's sentence for both second-offense possession counts under § 124.401(5) was not permitted by law and is void as an illegal sentence. *See State v. Parker*, 747 N.W.2d 196, 212 (Iowa 2008). We thus remand to the district court for resentencing.

**Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed in Part, Reversed in Part, and Case Remanded.**